## TEXAS LIFE INS. CO. v. LEGG et al.
### (No. 5925.)

(Court of Civil Appeals of Texas. Austin. June 1, 1918. Motion Dismissed by Agreement of Parties Oct. 7, 1918.)

Trial ⬦139(I)—Conclusive evidence necessary to justify direction of verdict.

Evidence to warrant direction of verdict for plaintiff must be of a conclusive character.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Suit by Minnie Ola Legg and others against the Texas Life Insurance Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

J. N. Gallagher, K. A. Vick, and J. A. Earhardt, all of Waco, for appellant.

Cross & Rogers, of Waco, for appellees.

KEY, C. J. Appellees instituted this suit to recover on a policy of insurance issued by appellant on the life of Dr. E. M. Legg; appellee Minnie Ola Legg being his surviving widow, and she and the other appellees being the beneficiaries named in the policy. Appellant denied liability on the ground of failure to pay the annual premiums for the years 1913 and 1914, and alleged that the automatic paid-up value of the policy remaining after such default was applied toward the discharge of a policy loan owed by the insured at the time of his death, and that the same was consumed thereby. After hearing the testimony, the trial court refused appellant's requested instruction, directing a verdict for it, and gave to the jury a peremptory charge to return a verdict for appellees, which was done; and from judgment rendered thereon this appeal is prosecuted.

Whether or not appellant is liable depends upon two issues of fact that were presented by the pleadings and evidence, which were: First, had appellant waived its right of forfeiture for nonpayment of either of the premiums referred to, which right is secure by the terms of the policy; and, second, if such right had not been waived, was appellant estopped by its conduct from claiming the benefit of that provision of the contract?

If it were proper to do so, we have not the time to discuss all the testimony bearing

upon the issues referred to, and therefore content ourselves with announcing the following conclusions: First, we overrule appellant's assignment of error which complains of the trial court in refusing to direct a verdict in its favor. Second, we sustain the second assignment of error which complains of the action of the trial court in directing the verdict for the appellees. While we do not hold that the testimony was insufficient to warrant a finding in favor of the appellees upon either or both of the issues of fact above referred to, we do hold that it was not of such a conclusive nature as to justify the court in directing a verdict for them. The issues referred to were issues of fact, and conceding that there was no conflict in the testimony, still, whether or not there was a waiver by appellant of its right to claim a forfeiture of the policy, and whether or not the necessary facts existed to constitute an estoppel, were conclusions to be reached and inferences to be drawn from the existence of the facts proved, and such conclusions and inferences were not so clear and manifest as to justify the court in directing a verdict for either side.

The other assignments presented in appellant's brief have been considered, and are overruled; and for the reasons stated, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes