STATE ex rel. LEVERIDGE v. SCRANTON INDEPENDENT COUNTY LINE SCHOOL DIST. et al. (No. 830–4530.)

(Commission of Appeals of Texas, Section A. June 16, 1926.)

1. Schools and school districts ⊚⟹37(3)—Lack of affidavit verifying facts set forth in petition for annexation of territory to school district does not invalidate annexation proceeding (Rev. St. 1911, art. 2865).

In proceeding for annexation of territory to school district, jurisdiction to annex depends upon existence of jurisdictional facts set forth by petition under Rev. St. 1911, art. 2865, and therefore absence of affidavit verifying facts does not invalidate annexation.

2. Courts ⊚⟹78.

Supreme Court cannot by prescribed rules of procedure, under Const. art. 5, § 25, pre-

clude any court from exercising judicial functions in matter in which jurisdiction is properly invoked.

3. Courts ⊚⟹78—Rule 7, prescribed by Supreme Court to regulate proceedings in Courts of Civil Appeals, may be disregarded upon sufficient excuse within discretion of Court of Appeals.

Rule 7, prescribed by Supreme Court for procedure in Courts of Civil Appeal, requiring transcript in quo warranto proceeding to be filed within 20 days after appeal is perfected, may be disregarded upon sufficient excuse within discretion of Court of Civil Appeals.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Proceeding in quo warranto by the State, on the relation of W. T. Leveridge, against the Scranton Independent County Line School District and others, to set aside the annexation of territory to the district. Judgment for plaintiff was reversed and rendered for defendants in the Court of Civil Appeals (277 S. W. 435), and plaintiff brings error. Affirmed.

Owen & Owen and W. J. Barnes, Co. Atty., all of Eastland, for plaintiff in error.

Patterson & Grantham, of Cisco, for defendant in error.

HARVEY, P. J. This is a quo warranto proceeding instituted by the state of Texas by and through the county attorney of Eastland county, on relation of W. T. Leveridge, against the Scranton independent county line school district in said county. The purpose of the suit is to annul certain proceedings wherein the board of trustees of the said school district purported to annex certain adjacent territory and make same a part of the school district, under the provisions of article 2865 of the Revised Civil Statutes of 1911. The said annexation proceedings which are sought to be annulled were begun by the filing of a petition with the board of trustees of said school district, by a majority of the inhabitants of such adjacent territory, qualified to vote for members of the Legislature, as prescribed by statute. The sufficiency of the petition, in substance and form, to meet the statutory requirements, is not questioned, except as to its verification by the prescribed affidavit. A purported affidavit was attached to the petition, but the trial court found as a fact that no oath was administered to the purported affiants, and therefore such purported affidavit was not really made. The facts required by the statute to be verified by affidavit really existed, and the board of trustees by proper inquiry and from their own personal knowledge found that all such facts did really exist.

[1] Since the sole ground of assault made here against the validity of such annexation proceedings is the absence of the prescribed affidavit to support such petition, it is not

necessary to notice anything further relating to the action of the board of trustees in annexing the territory in question here to the said independent school district.

Article 2865 of the Revised Civil Statutes of 1911, so far as relevant here, reads as follows:

"Whenever the territory heretofore incorporated, or which may hereafter be incorporated, for· free school purposes, shall contain less than twenty-five square miles, and thereafter the majority of the inhabitants, qualified to vote. for members of the Legislature, of any territory adjoining the limits of the town or village so incorporated, shall desire such territory to be added to and become a part of such incorporated town or village 'for free school purposes only, and a majority of such qualified voters sign a petition to that effect, any three of such qualified voters may file with the board of trustees of such incorporated town or village the said petition, making affidavit of the ·facts set forth in said petition, fully describing by metes and bounds the· territory proposed to be annexed and showing its location with reference to the existing territory of the town or village already incorporated; provided, that said territory proposed to be 'added must be contiguous to one line of said corporation, and upon filing of said petition, affidavits and descriptions, with the president of the board of trustees, it shall be his duty to submit the same to the board, and, if upon investigation by the board it is found that the proposed addition will not increase the corporate limits so that the whole, when so increased, will exceed twenty-five· square miles, then the said board of trustees, by resolution duly entered upon its minutes, may receive such proposed territory as an addition to and become a part of, the corporate limits of such town or village.   *   *   *"

The question of law presented here is whether or not the failure to make the affidavit prescribed by the foregoing statute, in verification of the facts set forth in said petition, invalidates such annexation proceedings, as against an attack by the state.

In our opinion, the jurisdiction of the board of trustees of an existing independent school district, in a proceeding to annex new territory under the provisions of the above statute, depends upon the existence of the jurisdictional facts set forth by the petition, as required by the statute, and not upon the affidavit which verifies them. The making of the affidavit is merely a mode provided by the statute by which proof of the required jurisdictional facts may be made, but. other modes of ascertaining such facts are not thereby excluded. Even as against the state in a quo warranto proceeding such as this one, the absence of such an affidavit does not render the annexation proceedings in-valid, if such jurisdictional facts be otherwise established. To hold that the jurisdiction of the board of trustees is defeated by the absence of the prescribed affidavit, notwithstanding the existence of the facts of which the affidavit is merely evidence, would be ascribing to the Legislature an intention to sacrifice substance to form. We do not think that the Legislature so intended· in this instance. Under the facts of this case, the lack of such an affidavit does not invalidate the annexation proceedings.

[2, 3] There is another question raised herein by the plaintiff in error which is proper to notice. Judgment was rendered by the trial court herein in favor of the plaintiff in error. From such judgment the defendant in error duly gave notice of appeal, and, in due. time, filed a proper appeal bond. More than twenty days after the filing of the appeal bond, the transcript in the cause was filed in the Court of Civil Appeals. The plaintiff in error here, in due time, moved the Court of Civil Appeals to dismiss said appeal on the ground that the transcript was not filed in that court until after twenty days had elapsed after the perfecting of such appeal by filing the appeal bond. This motion, upon hearing thereof, was overruled by said court. The action of the court in that respect is assailed in this court by proper assignment of error, under which the plaintiff in error invokes the provisions of rule 7 prescribed by the Supreme Court to regulate proceedings in Courts of Civil Appeals, which rule reads as follows:

"Transcripts in appeals from judgments in proceedings in quo warranto shall be filed within twenty days after the appeal is perfected, and the first Tuesday following such twentieth day shall be the day for filing motions in such cases."

The foregoing rule was made and promulgated by the Supreme Court in pursuance of the authority granted to that court by the provisions of section 25 of article 5 of the state Constitution, which read as follows:

"The Supreme Court shall have power to make and establish rules of procedure, not inconsistent with the laws of the state, for the government of said court and the other courts of this state, to expedite the dispatch of business therein."

The authority conferred upon the Supreme Court by this constitutional provision is limited to making and establishing rules of procedure, and does not include the making of any rule to restrict, enlarge, or otherwise modify, the jurisdiction of any court as that jurisdiction is prescribed by statute or constitutional provision. The Supreme Court has no authority, under the above-quoted section of the Constitution, to preclude any court from exercising its judicial functions in any matter in which its jurisdiction is properly invoked in accordance with statutory or constitutional requirements. Nor was the rule in question intended to have that effect.

Rules of procedure are authorized by the above section of the· Constitution for the gov-

ernment of courts and "to expedite the dispatch of business therein," but not to defeat justice. Therefore, if a court finds that sufficient excuse exists for the nonobservance of any rule of court by a party to a suit, and that a disregard of such rule will not result in legal injury to the opposing party, but will subserve the ends of justice, the court, in the exercise of a sound judicial discretion, may disregard the rule.

The Court of Civil Appeals, having disregarded rule 7 and entertained the appeal in this case, and no abuse of discretion being shown, we refuse to disturb its action in that regard.

We recommend that the judgment of the Court of Civil Appeals, refusing to dismiss said appeal, and its judgment reversing the judgment of the trial court and rendering judgment for the defendant in error, be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.