## ALBRITTON v. COMMERCE FARM CREDIT CO. (No. 686.)

Court of Civil Appeals of Texas. Waco. June 21, 1928.

Rehearing Denied Sept. 27, 1928.

194

Callicutt & Upchurch, of Corsicana, for appellant.

Coker & Wilson, of Dallas, and Jester & George, of Corsicana, for appellee.

GALLAGHER, C. J. This suit was instituted by appellee, Commerce Farm Credit Company, a corporation, against O. L. Albritton, Mai Tippett, a feme sole, James Tippett, Elizabeth Tippett, a minor, C. E. Upchurch, and Ames Shovel & Tool Company. Appellee alleged that on November 23, 1917, Alma R. Tippett and wife, Mai Tippett, executed and delivered to it two certain promissory notes, aggregating $16,500, and secured the same by deed of trust liens on two certain tracts of land situated in Navarro county; that said notes were by their terms due December 1, 1927, with provisions for accelerated maturity, by virtue of which appellant had declared them due for nonpayment of the annual interest thereon for the years 1923 and 1924; that thereafter said Tippett and wife conveyed an undivided one-half interest in said two tracts of land to appellant, Albritton, in consideration of which conveyance he assumed and agreed to pay one-half of the indebtedness evidenced by said notes and secured by said deeds of trust; that said Alma R. Tippett died intestate on June 10, 1919; that no administration was had on his estate, and that none was necessary; that the defendant Mai Tippett was the surviving wife, and defendants James and Elizabeth Tippett the only children of said decedent; that the defendants C. E. Upchurch and Ames Shovel & Tool Company were asserting and claiming some interest in said land. Appellee prayed for judgment against appellant for one-half of the indebtedness evidenced by said notes, and for a judgment establishing such indebtedness, and for foreclosure of its deed of trust liens on both said tracts of land against all the defendants. Appellant, Albritton, alleged that, if the deed from Tippett and wife to him contained any assumption of said indebtedness, such provision was inserted therein without his knowledge, and that he never knew of the same until the institution of this suit; that such provision was inserted in said deed by virtue of a mutual mistake of the parties and by the mistake of the scrivener who prepared said deed, without instructions from or the knowledge of either the grantors or the grantee therein; that the real trade or agreement for his purchase of said lands was that he should hold the same subject to said indebtedness, without personal liability therefor, and that he would not have agreed to such transaction on any other terms. Mrs. Tippett disclaimed any interest in said lands, and in that connection alleged that the estate of her deceased husband was insolvent, and that she, as survivor of the community, on September 8, 1924, conveyed the half interest in said lands held by her said husband at the time of his death to the defendant C. E. Upchurch for the purpose of paying community debts, and that neither she nor her said children had any interest therein at the time of the institution of this suit. She also alleged that said lands were not worth the amount of the indebtedness held by appellee against the same. James Tippett and C. E. Upchurch and the Ames Shovel & Tool Company all disclaimed. The court appointed a guardian ad litem for the minor Elizabeth Tippett, but he is not shown by the record to have filed any answer for her.

The case was tried to a jury. Such facts as are relevant to the issues of law hereinafter discussed will be recited in connection therewith. At the close of the evidence the court instructed the jury in substance as follows: (a) To return a verdict for the plaintiff for the sum of $22,930.05, as establishing plaintiff's debt; (b) to return a verdict in favor of the plaintiff and against all the defendants for a foreclosure of plaintiff's lien on said lands; (c) to return a verdict against the defendant O. L. Albritton personally for the sum of $11,465.02, the same being one-half of the indebtedness evidenced by the notes sued on. Judgment was entered in accordance with the verdict returned in response to said instruction, and Albritton has appealed. None of the other parties defendant in the court below are parties to this appeal.

### Opinion.

■ Appellant complains of the refusal of the court to permit him to testify that, in his

purchase of a half interest in said lands from Tippett and wife, it was expressly stipulated that he was not to assume one-half of the indebtedness secured by deeds of trust thereon, but that he was to purchase such interest therein subject to said liens; that Tippett told him that he would have the deed prepared in accordance with such agreement, and would file the same for record, and that he trusted him to do so. Said testimony was excluded by the court on his own motion, on the ground that the interest of the minor Elizabeth Tippett was adverse to the interest of appellant, and that appellant was therefore incompetent to testify to any transaction with or statement by the deceased, A. R. Tippett, under the provisions of article 3716 of the Revised Statutes. It is necessary, in passing upon the issue so presented, to consider, not only the pleadings, but the evidence, before the court at the time such testimony was offered and excluded. The parties agreed in open court that A. R. Tippett died on June 10, 1919, and left surviving as his only heirs his wife, Mai Tippett, and two minor children, James Tippett and Elizabeth Tippett; that no administration was had on his estate, and that there was no necessity therefor. Said James Tippett became of age during the pendency of the suit.

Appellant's witness Upchurch testified, in substance, that he recalled the circumstances attending the execution of the deed by Tippett and wife conveying a half interest in said lands to appellant; that he prepared said deed at the request of Mr. Tippett; that he and said Tippett were partners in the real estate business, and had been for several years; that Mr. Tippett came into the office one morning and threw the original deed conveying said lands to him, together with the field notes thereof, on witness' desk, and told him to prepare a deed conveying half of said property to Mr. Albritton; that nothing else was said; that witness then prepared the deed, and two days later took the acknowledgments of said Tippett and his wife; that he then delivered the deed to Mr. Tippett; that he did not have any conversation with appellant at any time about said deed prior to the time he delivered the same to Mr. Tippett. Said deed recited a cash consideration and an indebtedness of $16,500, evidenced by two notes, one for $6,000, and one for $10,500, executed by Tippett and wife, and payable to appellee December 1, 1927, being more fully described in two certain deeds of trust given by Tippett and wife to one Miller, trustee, and duly recorded in Navarro county. Said witness testified in this connection that said deed was drawn about four days after the said loans were placed; that he supposed Mr. Tippett gave him the information so recited therein; that he did not remember whether he had an abstract before him at the time he wrote said deed or not; that, so far

as he could remember, no one was with him when he prepared said deed; that he did not remember whether Mr. Tippett read said deed before he signed it or not; that he had prepared many deeds for Mr. Tippett, and that ordinarily he did not read such deeds before signing them.

Appellant, as a witness in his own behalf, was permitted to testify, in substance, that he and the deceased, Alma R. Tippett, were close personal friends, and had been associated in various land transactions; that he had no connection with the purchase by Tippett of the lands here involved; that he first learned that his deed from Tippett contained an assumption clause when he was served with citation herein in September, 1925; that he did not employ Mr. Upchurch to write said deed; that he never saw the same, nor the record thereof, until after the institution of this suit; that said deed was never delivered to him, and that he did not file it for record; that he never made any agreement with any one (excluding Mr. Tippett) that he would assume one-half of the indebtedness against said property (said exception being in order to conform to the ruling of the court); that he did not instruct Mr. Upchurch, in drafting said deed, to insert therein an assumption of one-half of said indebtedness; that Mr. Upchurch did not in any way represent him in that transaction; that he repudiated the assumption as soon as he learned of the same, and offered to deed the property to appellee; that he never received any notice from appellee of any interest due on said loans, except when he asked therefor, which was about 1923; that neither appellee nor any one for it ever brought to his attention the fact that they were claiming that he had assumed any part of said indebtedness.

Mrs. Mai Tippett, acting as survivor of the community estate of herself and her deceased husband, on the 8th day of September, 1924, conveyed the undivided one-half interest in said lands held by her husband at the time of his death to the witness Upchurch. Said deed expressly stipulated that such conveyance was subject to the liens thereon. Said conveyance was made for the purpose of paying community debts, and the consideration received therefor was so applied. While said deed had never been recorded, it was produced and introduced in evidence on the trial. There is no contention that the interest of the deceased in said lands was not by said transaction applied to the payment of community debts, nor that said transaction divested the minor, Elizabeth Tippett, of any interest in or to such lands. Appellant introduced affirmative testimony that the estate of the deceased Tippett was insolvent; that his said wife took charge thereof and disposed of the same in the discharge of the community indebtedness, with the possible exception of one tract of land in Freestone county, which

the testimony showed was incumbered for two or three times its value; that a large amount of community indebtedness remained unpaid, and that neither Mrs. Tippett nor the children had ever received anything from said estate, and that there was no possibility of their ever receiving anything therefrom. Appellee introduced no evidence, and made no attempt to rebut the testimony introduced by appellant.

The statute relied on by appellee to sustain the ruling of the court excluding the proffered testimony, as applicable here, prohibits either party to an action in which a judgment may be rendered for or against heirs of a deceased person from testifying therein to any transaction with or statement by the deceased. So far as this suit involves a controversy between appellant and appellee, such action is not within the statute, because both of them are claiming rights alleged to have been acquired from the deceased by contract in his lifetime, and neither is claiming as his heir. Appellee does not contend that the statute would apply if this action were between it and appellant alone. Appellee's counter propositions are based solely on the fact that the minor, Elizabeth Tippett, is a party to the suit. No cause of action for a personal judgment against her was alleged by appellee, nor was such a judgment prayed for in its pleadings. The only judgment sought against her was for a foreclosure of the deed of trust liens given by her deceased father in his lifetime, the validity of which is not questioned by either party to this suit. So far as appellee's right to such foreclosure is concerned, it is wholly immaterial whether appellant assumed one-half of the indebtedness existing against said lands or took the same subject thereto.

The undisputed evidence herein shows that all said minor's apparent interest in said lands had been divested long before the institution of this suit by the action of her mother, the surviving wife of deceased, in selling and conveying them for the purpose of discharging community indebtedness and actually applying the proceeds of such sale to such purpose. She was therefore, at the time of the institution of this suit and at the time of the trial thereof, merely a formal or nominal party, without any actual interest in the subject-matter thereof, which, so far as she was concerned, was the land upon which foreclosure was sought, and therefore she could not be affected by any judgment rendered therein. When a party to such a suit has disclaimed any interest in the property involved therein, or has been divested of any interest in such property by a voluntary conveyance to another without warranty, or by a valid conveyance thereof by a trustee or otherwise, such party thereupon becomes only a nominal party to such suit, and competent to testify concerning transactions with and statements by the deceased affecting the issues involved therein. Oury v. Saunders, 77 Tex. 278, 282, 13 S. W. 1030; Markham v. Carothers, 47 Tex. 21, 25, 26; Kahler v. Carruthers (Tex. Civ. App.) 45 S. W. 160, 163 (writ refused); Mayfield v. Robinson (Tex. Civ. App.) 55 S. W. 399, 401 (writ refused); Buckley v. Runge (Tex. Civ. App.) 136 S. W. 533, 537, par. 10 (writ refused); Miles v. Bodenheim (Tex. Civ. App.) 193 S. W. 693, 698 (writ refused); Gurley v. Hanrick's Heirs (Tex. Civ. App.) 139 S. W. 721, 729; 5 Jones, Com. on Evidence, p. 4246, and note 4 thereto, and pages 4276, 4277, § 2233. Since competency or incompetency to testify is under the provisions of said statute reciprocal, it follows that, if the minor was by reason of the facts recited competent to testify in such action, appellant was also competent. The court erred in excluding said testimony, and appellant's complaint of such ruling is sustained.

■ Appellant complains of the action of the court in instructing a verdict against him in favor of appellee for one-half of the indebtedness held by appellee and secured by liens on said lands. We have already recited the testimony relevant to this contention. It must be considered in connection with the fact that, under the ruling of the court, appellant was not permitted to testify to his version of the actual agreement between him and the deceased concerning such indebtedness. No inference in favor of appellee can therefore be drawn from appellant's failure to testify on this issue. We think the testimony as a whole was sufficient to raise an issue of fact for determination by the jury with reference to whether said assumption clause was inserted in said deed, instead of a "subject to" clause, without the knowledge of appellant, by virtue of the mutual mistake of the parties, or the mistake of the scrivener who prepared the same without instruction from or knowledge of either the grantees or grantor therein. While the evidence on this issue is entirely circumstantial, we cannot say that the same is wholly without probative force.

■■ In all cases the existence or nonexistence of the facts the evidence tends to prove, if there be conflict, as well as the existence or nonexistence of a fact to be inferred from other facts, must be left to the determination of the jury, and, though the facts be undisputed, the ultimate deduction therefrom may be a question for a jury. Stooksbury v. Swan, 85 Tex. 563, 573, 22 S. W. 963; Supreme Council v. Anderson, 61 Tex. 296, 301; Texas Life Insurance Co. v. Legg (Tex. Civ. App.) 229 S. W. 587, 588.

The judgment of the trial court is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellee has filed a motion for rehearing herein, in which it, for the first time, calls at-

tention to the fact that appellant neglected to include a copy of his assignments of error in his typewritten brief. The case was tried to a jury. Appellant, as shown by the transcript, after an adverse verdict and judgment, filed a motion for new trial, the several paragraphs of which are ample to raise all the issues presented by appellant in its brief as grounds for reversal. Said brief, upon which the case was submitted to this court, contained a list of the propositions, seven in number, upon which he based his claim of prejudicial error requiring a reversal of the judgment. Following said list of propositions said brief contained a statement of the record, together with authorities and argument addressed to each of the same, respectively. Appellee in its brief replied to said several propositions with seven counter propositions, each of which referred specifically to one or more of the propositions so listed by appellant and controverted the same. Said counter propositions were each duly briefed by appellee. The case was submitted on oral argument, in addition to said briefs of the respective parties. This court considered the case fully and handed down an opinion therein, without discovering that no assignments of error as such were copied in appellant's brief. Appellee in its motion for rehearing insists that this court shall set aside its judgment of reversal, and affirm the judgment of the trial court because of appellant's failure to copy his assignments in his brief. Appellant, in reply to appellee's motion, alleged that his failure to attach a copy of his assignments to his brief was a mere oversight, that appellee had not objected to such failure at or prior to the submission of the case, and asked permission to now attach said assignments to his brief. Said request was granted and said assignments were so attached.

▮ Rule 32 for the government of Courts of Civil Appeals directs that the brief (for appellant) shall contain verbatim copies of such assignments of error filed in the trial court and reproduced in the transcript as are relied on in the appeal, and that such assignments shall be set out in the back of such brief. It is now well settled by the authorities that it is sufficient if the brief contains a substantial copy of each assignment of error relied on, as the same appears in the transcript. Appellee, in support of its insistence, cites and relies on the case of Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, 846. That case holds that the authority of the Court of Civil Appeals to revise the action of the lower court is limited to those questions (not fundamental) duly assigned as error, and that, when appellant wholly fails to copy any assignments of error in his brief, the Court of Civil Appeals should confine its consideration of the case to fundamental error, if any, apparent on the face of the record. Accepting such declaration as the law applicable in this case, we will inquire whether appellant has wholly failed to copy any of his assignments of error in his brief.

▮ The second and third propositions contained in appellant's brief are as follows:

"(2) The trial court erred in instructing the jury to return a verdict against the appellant personally for one-half of the principal, interest, and attorney's fees upon the notes sued upon, to wit, the sum of $11,465.02.

"(3) The court erred in directing the jury to return a verdict against the appellant for the attorney's fees upon one-half of the principal and interest of the notes sued upon, there being no conclusive evidence that he owed any attorney's fees, or that he had assumed one-half of the indebtedness mentioned in the deed."

These so-called propositions are substantial and almost literal copies of the second and third paragraphs of appellant's motion for new trial, which motion, since he filed no separate assignments, constitutes in law his assignments of error on appeal. The fourth proposition contained in appellant's brief is as follows:

"(4) There was sufficient evidence to submit to the jury the issue as to whether or not the appellant assumed the payment of one-half of the indebtedness mentioned in the deed from A. R. Tippett and wife to appellant, and the trial court committed error in not submitting to the jury this issue, notwithstanding the court excluded the evidence of O. L. Albritton upon that issue. There was sufficient evidence requiring the submission of that issue to the jury."

▮ The respective offices of assignments of error and propositions are stated in Clonts v. Johnson, supra, as follows:

"There is a substantial difference between an assignment of error and a proposition submitted thereunder. The one complains of some action of the court, and the other merely sets forth the reasons why such action is erroneous."

Measured by this declaration of the law, we find that appellant's second proposition, though called a proposition, is in fact an assignment of error, pure and simple, and that his so-called third proposition is also a sufficient assignment of error, notwithstanding it not only complains of the action of the court in giving a peremptory instruction, but also states a reason why such action was erroneous. Green v. Hall (Tex. Com. App.) 228 S. W. 183, 184, par. 1, and authorities there cited.

▮ Appellant's fourth proposition is pertinent and appropriate as a proposition under said second and third propositions, considered as the respective assignments of error, of which they are for all practical purposes literal copies. The giving of the peremptory charge so complained of was one of the grounds upon which the judgment of the trial

court in this case was reversed and the cause remanded.

Appellee does not claim that it has suffered any injury from appellant's oversight. The court was neither inconvenienced nor delayed thereby in its consideration and determination of the issues involved herein. We assume appellee's counsel did not discover such omission when they prepared their reply brief, nor when they argued the case before this court, or they would have made timely objection on that ground. Had appellant in his brief stated that his second and third assignments of error were adopted as propositions, and then copied them in his brief, both the letter and the spirit of the rule would have been substantially complied with. We think, as to said two assignments, the spirit of the rule was complied with. Since no actual injury is claimed in this case, we think the holding of Presiding Judge Harvey of Section A of the Commission of Appeals in the case of State v. Scranton Independent County Line School District, 285 S. W. 601, 602, 603, is applicable. We quote from his opinion therein as follows:

"Rules of procedure are authorized by the above section of the Constitution for the government of courts and 'to expedite the dispatch of business therein,' but not to defeat justice. Therefore, if a court finds that sufficient excuse exists for the nonobservance of any rule of court by a party to the suit, and that a disregard of such rule will not result in legal injury to the opposing party, but will subserve the ends of justice, the court, in the exercise of sound judicial discretion, may disregard the rule."

Appellant has been permitted to complete his briefs by attaching thereto a copy of his motion for new trial as his assignments of error on this appeal, so that the matter may be fully and fairly presented to the Supreme Court, should appellee seek to have our holding herein reviewed on application for writ of error.

Our holding on the issue raised by the propositions above discussed controls the disposition of this appeal, and appellee's motion for rehearing is overruled.