## COMMERCE FARM CREDIT CO. v. ALBRITTON. (No. 1081—5304.)

Commission of Appeals of Texas, Section B. June 5, 1929.

Jester & George, of Corsicana, and Coker & Wilson, of Dallas, for plaintiff in error.

Callicutt & Upchurch, of Corsicana, for defendant in error.

SHORT, P. J. A complete statement of the nature and result of this suit is made by the Court of Civil Appeals in its opinion. 9 S.W. (2d) 193.

The main question presented by the appli-cation for the writ of error involves the construction of article 3716, R. S. 1925, which prohibits either party from testifying against the other as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party, in actions by or against the executors, administrators or guardian *in which judgment may be rendered for or against them as such.*

On the 23d and 26th days of November, 1917, respectively, A. R. Tippett and wife, Mai Tippett, being the owners thereof, executed two deeds of trust on two separate tracts of land to secure an indebtedness, respectively, of $6,000 and $10,500 with accruing interest. On the 30th day of November, 1917, Tippett and wife executed a deed conveying one-half interest in these two tracts of land to O. L. Albritton, the defendant in error, for the recited consideration, among other things, that Albritton would *assume* one-half of the aforesaid indebtedness. Albritton and Tippett were intimate friends and business associates. Albritton never saw the deed until after this suit was filed, which was August 8, 1925, and never knew its contents until he was served with citation in this case, when he promptly repudiated his apparent liability to pay one-half of this indebtedness, declaring that he purchased the land *subject* to it and not as stated in the deed. Tippett died on June 10, 1919, leaving an insolvent estate. His wife continued to pay the interest on the indebtedness during several years after the death of her husband, and apparently remained in charge of the land, the revenues of which amounted to little, if anything, Albritton taking no part in the management and receiving no part of the revenues. The wife and two minor children, a boy and a girl, survived Tippett. One of these children, the boy, became of age before the trial, the other being represented by a guardian ad litem. The wife conveyed the one-half of the land owned by the estate of herself and husband, to C. E. Upchurch, in satisfaction of community debts. The owner of this indebtedness, the plaintiff in error, filed this suit against O. L. Albritton, and against the widow and children of A. R. Tippett, and C. E. Upchurch, alleging the execution of the notes, evidencing the indebtedness, the failure to pay them, and the liability of Albritton, by reason of the aforesaid conveyance, for one-half of the debt, and also alleging that no administration upon the estate of Tippett was necessary. It prayed for a judgment against Albritton for one-half the indebtedness due on the notes, principal and attorney's fees, and for the foreclosure of the lien created to secure the payment of these notes upon the two tracts of land, against all of the defendants, but only sought a personal judgment against the defendant

in error, Albritton. The widow, and the child, who had reached its majority, disclaimed any interest in the property, and the widow alleged that she had sold the one-half interest belonging to the estate of her husband and herself to C. E. Upchurch for the purpose of paying community debts. She also alleged that she had released Albritton of any assumption of any indebtedness mentioned in the deed, stating that neither she nor her deceased husband had ever, at any time, sought to hold him personally liable for any part of this indebtedness. C. E. Upchurch also offered to quitclaim to the plaintiff in error any interest which he had in said land by virtue of the deed made to him by Mrs. Tippett, as survivor of the community property of herself and husband.

The case was tried to a jury, but upon conclusion of the testimony the court instructed a verdict in favor of the plaintiff in error, in accordance with its prayer, after having refused to allow the defendant in error to testify that the recitation that he was to *assume* one-half of the indebtedness, evidenced by the aforesaid notes, was a mutual mistake of the parties to the transaction, and that the real agreement was that he was to accept the lands *subject* to the payment of this indebtedness. Albritton having prosecuted an appeal to the Court of Civil Appeals at Waco, that court, in an opinion written by Chief Justice Gallagher, reversed the judgment of the trial court, among other things, for the reason that it had erred in refusing to permit Albritton to testify as he had offered to do.

We only find it necessary to discuss the first assignment of error in the application for the writ of error which challenges the correctness of the conclusion reached by the Court of Civil Appeals in its opinion on the point above mentioned. Moreover, that opinion is such a lucid and correct statement of the law, applicable to the facts in this case, that only a brief discussion of it is necessary. No personal judgment was sought either against the widow or the children, or the estate of A. R. Tippett, deceased. That estate was confessedly insolvent. The lands upon which the lien was foreclosed no longer were a part of the estate. The widow, as survivor, had conveyed whatever interest the estate had in the lands for the purpose of paying community debts. The excluded testimony, if admitted, could not affect the title to the lands on which the lien existed. It could not diminish the value of plaintiff's in error security for the payment of the debt. Besides it appears that the market value of the lands were much less than the amount of the debt for which they had been pledged. This is not an action in which judgment might be rendered against the minor child, as one of the heirs of A. R. Tippett, deceased. His other heirs had formerly disclaimed any interest in these lands, and the testimony shows they had no

interest. In so far as the minor heir was affected, she was only a nominal party; the suit being a foreclosure one, under such circumstances as rendered her a proper party, though under the facts developed, not a necessary one.

This minor heir had no real interest in these lands. The estate being insolvent and the heir, never having received anything, could not be made liable for the debts of the ancestor. Had this minor heir, under the facts of this case, been present when the agreement between her father and the defendant in error was made, and had thus been enabled to testify about which the defendant in error proposed to testify, there is nothing in this statute which would have prevented her from so testifying at the instance of the defendant in error. Since she could have thus testified, it necessarily follows that the defendant in error was entitled to testify to this agreement. In Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030, the Supreme Court of this state declares, in effect: "One having no interest in common with parties calling him as a witness, and who though nominally a party to the suit has no interest in the result, is competent to testify as to statements and admissions against his interest at the time they were made by a deceased person in possession of property in litigation against those holding under him as heirs, legatees, etc." To the same effect is the opinion in the case of Markham v. Carothers, 47 Tex. 25, and in the case of Drury v. Hayden, 111 U. S. 223, 4 S. Ct. 405, 28 L. Ed. 408.

27 Cyc. 1345, 1346, had this to say on the subject of the grantee's liability to be bound or not by the contents of the conveyance: "The grantee, who with the knowledge of its contents, accepts a conveyance which requires him to assume the payment of an existing mortgage becomes personally liable therefor. It is essential, however, that he should have knowledge of the fact that the deed contained such clause, and if he accepts the conveyance in ignorance of that fact, he may escape liability by repudiating and disclaiming it as soon as he discovers the truth; but he must act promptly for if he exercises acts of ownership as by collecting the rents or selling portions of the property after acquiring knowledge of the assumption clause in his deed, it will then be too late for him to repudiate it."

The defendant in error in this case is shown, without conflict, to have been in ignorance of this recitation in the conveyance, until he was served with citation in this case, and that he immediately repudiated his liability as soon as he discovered that the deed contained the recitation. It is further shown that the defendant in error did not exercise any acts of ownership over the property at any time, either before acquiring the knowledge of the assumption clause in the deed, nor thereafter. Upon the contrary it is

shown that he immediately went to those in charge of the suit for the plaintiff in error, and stated to them the truth (as he asserted it) of the agreement between himself and Tippett, and offered to convey to the plaintiff in error whatever interest he might have had in the land by reason of the transaction had with Tippett.

It is not necessary to discuss the other assignments of error because they have become immaterial in view of the disposition we have made of this assignment, and because the matters contained therein will not likely arise on another trial of the case. All the assignments of error are overruled.

We recommend that the judgment of the Court of Civil Appeals reversing that of the district court and remanding the case for another trial be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed.