## BAKER v. SHANZ et al.
### No. 920.

Court of Civil Appeals of Texas. Waco.

May 1, 1930.

Coker, Wilson, Rhea & Neel, of Dallas, for appellant.

John H. Sharp, of Ennis and Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellees.

STANFORD, J.

This suit was filed June 5, 1928, by appellant against appellees, to recover upon a promissory bond for the principal sum of $3,700, dated July 7, 1917, due January 1, 1928, bearing 6 per cent. interest and providing for 10 per cent. attorney's fees, etc. Said bond or note was executed by A. R. Tippitt and Mrs. Tippitt, payable to the order of Commerce Farm Credit Company, and having been for valuable consideration, before maturity, assigned, indorsed, and delivered to appellant. For the purpose of securing said note, A. R. Tippitt and wife executed a deed of trust on 148 acres of land. Before the maturity of said note, Tippitt and wife conveyed said land to appellee Shanz, and later said land was conveyed by C. E. Upchurch and wife to appellee Knox, and then by Knox and wife to appellee Johnson; and, by the terms of the deeds to Knox and Johnson, each of said parties assumed the payment of said note. Said note was not paid at maturity, the mortgage was foreclosed, the land sold for $2,250, which was credited on said note, and this suit brought against the appellees to recover the balance, $2,341.70, of the amount of said note.

Appellees Knox and Johnson answered by general demurrer and general denial, and a plea that in the deeds from Upchurch to them and from Knox to Johnson it was not intended by the grantors and grantees that such grantees should assume payment of said bond, and that the provision providing for such assumption was placed in said deeds by mutual mistake of said grantors and grantees; that the parties to said deeds did not, at the time of their execution, know the assumption clauses were contained therein, and did not discover that fact until many years later, and that, if they had known of said assumption clauses, they would not have delivered or accepted said deeds.

The case was tried before the court on March 8, 1929, and judgment rendered for appellant against defendant Shanz for $2,547.77, and that plaintiff take nothing as against Knox and Johnson. Appellant Baker has duly appealed, and presents the record here for review, upon two propositions:

Under his first proposition appellant contends, in effect, that the finding of the court to the effect that the inclusion of the assumption clause in the deeds in question was not the result of the negligence of appellees was wholly without support in the evidence. The trial court filed, at appellant's request, find-

580

ings of fact and conclusions of law. The trial court found, in substance, that the inclusion of the assumption clause in the deed from Upchurch to Knox and in the deed from Knox to Johnson was the result of a mutual mistake on the part of both the grantor and grantee in each of said conveyances. There is no complaint of this finding; but appellant contends the finding that such mutual mistake was not the result of appellees' negligence finds no support in the evidence.

Under his second proposition appellant contends, in effect, that the trial court's finding that appellees were not negligent in failing to discover said mutual mistake prior to the time same was discovered is wholly unsupported by the evidence. In other words, appellant, in effect, concedes said mutual mistake occurred as alleged, but contends, in effect, that the record shows as a matter of law that said mistake and the failure of appellees to discover same earlier than they did do was the result of their negligence. We will consider these two contentions together.

The trial court found, and the evidence is clear and uncontradicted, that in the sale from Upchurch to Knox, and in the sale from Knox to Johnson, it was distinctly agreed and understood by both the grantors and grantees in each of said deeds conveying the land in controversy that the grantees were not to assume the indebtedness in controversy, and there is no evidence to the contrary. The court also found, and all the evidence shows without contradiction, that the assumption clause was included in each of said deeds by a mutual mistake on the part of both the grantors and grantees in said deeds. The court further found, and, as we think, the evidence is ample to show, that it was not the fault or negligence of Fred Upchurch, C. E. Upchurch and wife, C. L. Knox, or R. D. Johnson that the deed from Upchurch et al. to Knox and Johnson contained recitals that Knox and Johnson were to assume the payment of said note, and that said recital in the deed was a mutual mistake unintentionally expressed in the deed, and that neither the grantors nor the grantees in the two deeds above described were negligent in not discovering the recitals therein, because there was no occasion on their part to investigate said deeds, and that they had a right to believe, and they were justified in believing, that they were not liable for the payment of said note. The court further found, and the record shows as a fact, that none of the parties to these deeds discovered the recitals that the grantees were to assume the payment of the note, until about the time the note fell due in 1928, and Knox and Johnson received notice from the Commerce Farm Credit Company claiming that the appellees had assumed the payment of the note. The court further found, and the evidence is sufficient to show, that under the circumstances connected with the execution and delivery of the two deeds the grantors and grantees described therein did not read the deeds, and did not know they contained the assumption clause, and were not guilty of negligence in failing to so read them and not guilty of negligence in failing to discover the mutual mistake prior to the time it was discovered. We have carefully examined the facts and circumstances surrounding the execution and delivery of said deeds, which was, in effect, only an exchange of equities in several tracts of land; and we think the finding of the trial court to the effect that said mutual mistake was not the result of appellees' negligence, and the further finding that appellees were not negligent in failing to discover said mutual mistake earlier than they did, are both supported by the evidence, and that the judgment of the trial court should be affirmed.

There is another reason, we think, why this case should be affirmed. The trial court found, to which no objection is made, that the pretended transfer of the note from the Commerce Farm Credit Company to appellant, purporting to be dated October 15, 1923, did not speak the truth, and found, if appellant, Baker, was a legal owner and holder of the note, as alleged by him, that he acquired same long before Fred Upchurch and C. E. Upchurch and wife conveyed said land to Knox, and before Knox and wife conveyed same to Johnson in a subsequent deed; and, of course, this being true, the assumption clause in the deeds to Knox and Johnson could have in no way induced or influenced appellant to purchase said note. Under the admitted facts, there was not and could not have been any element of estoppel in the case. That the assumption clause was incorporated in said two deeds by mutual mistake of both grantors and grantees is not controverted. That the rights of appellant, Baker, as same existed at the time he purchased said note, would be in no way impaired by the correction of said mutual mistake, is self-evident. That it is not necessary, in order to be relieved of a mutual mistake in a deed, for the parties seeking such relief, first, to show diligence and absence of negligence in discovering the mistake, is, we think, well settled in this state, especially where no injury resulted to the party opposing the correction of such mutual mistake. Edwards v. Railway Co., 54 Tex. Civ. App. 334, 118 S. W. 572, 576; Wilkins v. Dagle (Tex. Civ. App.) 265 S. W. 918, 924; Kelley v. Ward, 94 Tex. 296, 60 S. W. 311; Littlefield v. Clayton (Tex. Civ. App.) 194 S. W. 194, 197; City Nat. Bank v. Railway Co. (Tex. Civ. App.) 225 S. W. 391, 397. See, also, Albritton v. Commerce Farm Credit Co. (Tex. Civ. App.) 9 S.W.(2d) 193, 194, also Id. (Tex. Com. App.) 17 S.W.(2d) 784.

We overrule appellant's propositions and affirm the judgment of the trial court.