## HILLERT et al. v. MELTON et al.
### No. 9150.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 25, 1933.

Rehearing Denied Nov. 22, 1933.

992

Walter Stout, of San Antonio, and Mann, Neel & Mann and Thos. H. Ward, all of Laredo, for appellants.

James M. Williamson, M. J. Raymond, Phelps & Phelps, L. H. Doty, A. R. Smith, Hicks, Dickson, Bobbitt & Lange, and Robt. L. Bobbitt, all of Laredo, for appellees.

MURRAY, Justice.

This is an appeal from a judgment rendered in the 111th district court of Webb county refusing to set aside the probate of the last will and testament of Jessie Hillert Matzow, deceased.

Mrs. Jessie Hillert Matzow died August 8, 1931. On August 31, 1931, a certain instrument was probated in the county court of Webb county as her last will and testament. On October 26, 1931, this suit was filed in the county court of Webb county to set aside this judgment admitting the will to probate. A trial was had in the county court and an appeal taken to the district court. On the 21st day of March, 1932, judgment was entered in the district court sustaining the original judgment probating the will.

The contestants below, who are the appellants here, were all of the paternal heirs at law of said Jessie Hillert Matzow, deceased. The maternal heirs did not join in the contest.

■ Appellants' assignments of error Nos. 1, 2, 3, 4, 5, 6, 7, 11, 12, 14, 15, 16, 17, 18, 19, and 20, each complain of the failure of the trial court to file additional and amended findings of fact and law.

The trial judge filed his findings of fact and conclusions of law on the 5th day of December, 1932. On December 30, 1932, appellants filed their request for additional findings of fact and conclusions of law.

Article 2247a, Vernon's Ann. Civ. St., Acts 1931, Forty-Second Legislature, p. 118, c. 76, § 2, provide that a party desiring further additional or amended findings shall, within five days after the trial judge has filed his original findings of fact and conclusions of law, file his request for such findings.

Appellants did not file their request within the time provided by law, and the trial judge properly overruled such request. It follows that all of the above assignments of error are not well taken and are overruled.

■■ Assignments of error Nos. 8, 9, and 10 complain of the court's action in permitting the witnesses, Nell J. Melton and Minnie B. Finch, who were legatees under the will, to renounce their legacies and testify in the case. There was no error in this action of the trial court. The cases cited by appellants are not in point. In those cases the legatee undertook to assign his legacy to some one else, and then to testify. This is not permitted, but where a legatee has completely disclaimed and renounced any and all interest she may have under the will, or otherwise, in or to the estate of the testatrix, such legatee becomes competent to testify concerning transactions with, and statements by, the deceased. Markham v. Carothers, 47 Tex. 21; Eastham v. Roundtree, 56 Tex. 110; Oury v. Saunders, 77 Tex. 282, 13 S. W. 1030; Albritton v. Commerce Farm Credit Co. (Tex. Civ. App.) 9 S.W.(2d) 193; Id. (Tex. Com. App.) 17 S.W.(2d) 784; Posey v. Varnell (Tex. Civ. App.) 60 S.W.(2d) 1057; Cox v. McClave (Tex. Civ. App.) 22 S.W.(2d) 961.

■ Appellants' only other assignment of error is No. 13, which reads as follows: "The court erred in refusing to hear the testimony of the third subscribing witness, or to hear any evidence upon the motion for new trial."

This evidence offered on the motion for a new trial was not offered as newly discovered testimony. There was no error in refusing to hear it.

■ The only real issue of fact presented to the trial judge was whether or not the subscribing witnesses to the will signed it in the presence of the testatrix. The evidence upon this question was conflicting. The trial judge, who was the trier of facts, found that the subscribing witnesses did sign in the presence of the testatrix. There being ample evidence to support this finding, it will not be disturbed by us.

The judgment of the trial court is affirmed.