**FORD v. ROSS et al.**

No. 14199.

Court of Civil Appeals of Texas, Fort Worth.

April 4, 1941.

Merfeld, independent executor. In paragraph three, she bequeathed jointly to her two sisters, Emma Ross and Annabelle Johnson, her little home place for and during their natural lives, with remainder to testatrix' son, Carl Ford, the contestant. By paragraph four of the will, the proceeds of a small insurance policy was to be divided, $100 to the son, Carl Ford, $50 to the sister, Annabelle Johnson, and if any remained, of the proceeds, it should go to the sister, Emma Ross.

By the codicil, paragraph three of the will was revoked and the home was given to the sister, Emma Ross, in fee simple. Other provisions of the original will were left unchanged.

In due time and in the proper tribunal, Rabbi Harry A. Merfeld proposed the probate of the will and codicil. Carl Ford, the son, timely filed his contest upon the grounds that his mother, the testatrix, was of unsound mind, and that the instruments proposed were the result of undue influence by Emma Ross upon his mother. Contestant, by his pleadings, attempted to make George Jackson (his mother's brother), Emma Ross and Annabelle Johnson, co-proponents with the named executor.

The case was submitted to a jury on ten special issues. The answers to nine of the issues established all of the requisite facts necessary to the validity of the two documents, as provided by Articles 3348, 8281 and 8283, R.C.S., and found that no undue influence was exercised upon testatrix in the execution of the will of August 6th, 1935. In response to the 10th special issue, the jury found that the codicil was the result of undue influence of Emma Ross upon testatrix.

The trial began on April 30th, 1940, and the verdict was returned May 2nd, 1940. On the day the verdict was returned, proponents filed motion for judgment notwithstanding the answer to special issue 10, alleging that there was no evidence in the case to support the finding, and asked that it be disregarded by the court and judgment be entered non obstante veredicto for proponents. On May 9th, 1940, contestant filed motion for judgment on the verdict as returned. On May 10th, judgment was entered by the court overruling contestant's motion and sustaining proponents' motion for judgment non obstante veredicto. There is no showing made in the record of notice to contestant of proponents' motion

Ben S. Baldwin and A. K. Harris, both of Fort Worth, for appellant.

Charles A. Baker and Mack & Mack, all of Fort Worth, for appellees.

SPEER, Justice.

This is a will contest case. Upon trial to a jury, judgment was entered for proponents and against contestant, from which judgment the latter has appealed.

Rachel Ford Reese, a negro woman about 49 years old, executed a will on August 6th, 1935, and a codicil thereto on December 4th, 1935, and died January 31st, 1936.

By the will first executed, testatrix named her white friend, Rabbi Harry A.

for judgment notwithstanding the verdict. The judgment recites that the two motions were filed on the dates above shown, and further: "* * * And thereafter on May 10th, 1940, all parties litigant appearing by their respective attorneys, came on to be considered the respective motions of proponents or contestees, and the contestant Carl Ford, and the same being duly considered by the court after the argument of counsel, it is the opinion of the court and so ordered, that the motion of proponents, Harry A. Merfeld, as independent executor of the estate of Rachel Ford Reese, deceased, George Jackson and Emma Ross, for judgment non obstante veredicto, be in all things granted and sustained, and that the motion of contestant, Carl Ford, for judgment, be in all things refused and denied," etc.

Appellant, Carl Ford (contestant) bases his appeal upon 16 lengthy and somewhat complicated propositions, covering 20 pages of his 225 page brief. They contain much unnecessary recitation of the pleadings and testimony, usually concluding with the matter complained of. As best we can determine from what is said, we believe the questions raised may be grouped and discussed in the manner we shall hereinafter indicate.

 Propositions one to four, inclusive, challenge the judgment as entered because it did not conform to the pleadings, the nature of the case proved and the verdict. Article 2211, R.C.S., Vernon's Ann.Civ.St. art. 2211. These contentions, no doubt, are based upon the fact that a part of the verdict found that the codicil was the result of undue influence. The statute above referred to provides for just such a contingency as is found in this case, which we shall later mention. Appellee (proponent) properly and timely proposed the probate of the will and codicil. No objections were interposed to any part of the procedure. Appellant contested the probate because of a lack of mental capacity by testatrix and because of undue influence by Emma Ross upon testatrix before executing the instruments; the issue was fully joined. Evidence was heard pro and con, the jury decided the fact issues against the contention of appellant, except in the answer to special issue 10, which will be noted presently. Appellant made no objections to the issues submitted and is deemed to have assented to the form in which they were given. Art. 2185, R.C.S.

Appellant moved for a judgment based on the answers to the issues; nor did he complain in his motion for new trial about the inquiries made of the jury to ascertain if the will and codicil were executed by testatrix in the manner and under circumstances entitling them to probate. We see no error presented by the first four points raised.

 Propositions 6, 7 and 14 complain of the court's granting appellees' motion for judgment, disregarding the special issue verdict in response to 10th special issue, by which it was found that the codicil was the result of undue influence by Emma Ross. The motion was based upon the assertion that there was no evidence of probative force to support the finding. The court's action in sustaining the motion is challenged because (a) there were circumstances testified to by disinterested witnesses tending to show that at the time of the execution of the two instruments, testatrix had been afflicted from one to two or three years with heart trouble, pellagra and a kidney disease; that she at all times expressed her desire that her son (contestant) should have her property when she died; that before and at the time of the execution of the will and codicil, testatrix was of mild and non-combative disposition, susceptible to the influence of other persons, in whom she had confidence, and that Emma Ross had many opportunities to exert an influence upon testatrix; and (b) the record does not show that any notice was given to contestant a reasonable time prior to the time the motion was heard and acted upon by the court. In support of the last contention, appellant relies upon Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970. There is no merit in the last contention. It is true that nothing is said either in the judgment or other parts of the transcript of notice or service thereof, but the judgment does disclose that when a hearing on the motion for judgment non obstante veredicto and appellant's motion for judgment on the verdict came on for hearing, all parties appeared in person and by counsel and after argument, the court overruled appellant's motion for judgment and sustained appellee's motion for judgment non obstante veredicto. No complaint was made that contestant had not had a reasonable time in which to meet appellees' motion; but his appearance and contest of it, we think, were sufficient to show that these

requirements had been met and that he had waived the required notice and service. The failure of the record to affirmatively disclose notice of the motion a reasonable time before hearing would not render the judgment void, especially where, as in this case, the appellant appeared and contested the motion. Myers v. Crenshaw, 134 Tex. 500, 137 S.W.2d 7, pages 12 and 13; Johnson v. Moody, Tex.Civ.App., 104 S.W.2d 583, writ dismissed. Later in this opinion we shall discuss the sufficiency of the evidence to raise the issue of undue influence, in connection with another group of propositions.

By the 5th and 8th propositions complaint is made that the court should have given appellant's requested peremptory instruction. These propositions are bottomed upon the contention that there was no testimony offered by proponents tending to establish that the proposed will and codicil were executed under such formalities and solemnities as to constitute them the type of instruments which they purported to be. (The requirements referred to are sections 1 and 4 of Article 3348, R.C.S.). It is further urged under these propositions that there was no testimony showing that those who attested the signature of testatrix were "credible witnesses", a requirement of Art. 8283, R.C.S. There is ample testimony in the record to support the jury verdict. The formal requisites of Article 3348 were met with meticulous detail, and no objection was made to the manner of proof offered. It was unnecessary to offer direct testimony that the witnesses to the will were "credible". A credible witness attesting a will, as contemplated by Article 8283, means one competent under the law to testify to the execution of a will. Moos v. First State Bank of Uvalde, Tex.Civ.App., 60 S.W.2d 888, writ dismissed.

We overrule propositions 9 and 10, which complain of the court's action in refusing to give appellant's requested issues one and two. If given, the issues would have inquired if the respective will and codicil, expressed the desires of testatrix as to a disposition of her property. The court, in his main charge, submitted the points raised, and no objection to the manner of submission was made by appellant, and he thereby waived any right to have them submitted in any other form. In any event, the requested issues did not place the burden of proof upon any party to the suit, and for this reason, if for no other, it would not have been proper for the court to submit either of the requested issues. Edmondson v. Carroll, Tex.Civ. App., 134 S.W.2d 378, writ dismissed, correct judgment.

Propositions 11, 12, 13, 15 and 16 complain of the ruling of the court in excluding from the jury the testimony of Annabelle Johnson, tendered by the contestant. The witness was a devisee under the will and codicil. She was a sister of testatrix, but contestant was an only child of the testatrix, and if there had been no will, contestant, the son, would have inherited the property, and Annabelle, even though a sister of testatrix, would not be such an heir as would have inherited anything. Annabelle Johnson did not voluntarily become a party to the action. The probate of a will is an action in rem, one affecting property only and is not a suit in which the individual rights of persons to property is determined. Annabelle was named by contestant as a proponent of the will, in his third amended pleadings, but we think this fact is beside the point of whether she was precluded by Article 3716, R.C.S. from testifying as a witness as to transactions had with testatrix. The record discloses that contestant called Annabelle as a witness to testify about matters which pertained to transactions had by her with testatrix. Her testimony was excluded by the court under authority of Article 3716, R.C.S. The bills of exception to the action of the court show what she would have testified to if permitted by the court to do so. She conferred with contestant's counsel and was advised by him that her testimony was excluded because she was a party to the suit; contestant's counsel then drafted for her a disclaimer of any interest in the estate under the will or otherwise, and stated that she did not wish to be a party to the suit, either as a proponent or contestant, and asked the court for permission to file it. The request was granted and the disclaimer filed. Contestant asked and obtained leave of the court to file a trial amendment omitting Annabelle's name as a proponent of the will. He then tendered her testimony, and it was again rejected by the court. The qualifications of the bill of exception by the court indicated that the proceedings mentioned took place. The testimony which she would have given, if per-

148

mitted by the court, was material to contestant's pleas of mental incapacity and undue influence.

 It has many times been held in will contest proceedings that where executors and legatees in the will file their disclaimers of interest in the property under and by virtue of the proposed will, they are not disqualified from testifying to transactions had with the testator. Richards et al. v. Hartley et al., Tex.Civ.App., 194 S.W. 478; Byrnes et al. v. Curtin et al., Tex.Civ.App., 208 S.W. 405, writ dismissed; Albritton v. Commerce Farm Credit Co., Tex.Civ.App., 9 S.W.2d 193, 196, affirmed by Supreme Court, 17 S.W. 2d 784; Davidson v. Gray, Tex.Civ.App., 97 S.W.2d 488; Posey v. Varnell, Tex. Civ.App., 60 S.W.2d 1057; Combs v. Howard et al., Tex.Civ.App., 131 S.W.2d 206; Hillert et al. v. Melton et al., Tex.Civ. App., 64 S.W.2d 991, writ refused. Byrnes v. Curtin, and Combs v. Howard, supra, involved disclaimers filed by executors, while the other cited cases involved similar acts by legatees under the will. Unless it could be said that the disclaimer filed in this case by Annabelle Johnson was a fraud upon the court, not in good faith upon her part, we think under the authorities cited, she should have been permitted to testify to the matters shown in the bill of exception. The qualification of the bill of exception by the court does not indicate that her testimony was excluded because her disclaimer was not made in good faith.

 It is definitely settled in this state that undue influence may be proved by circumstantial evidence. This is true because it is often impossible to prove such by direct evidence. No hard and fast rule can be established which will control in all cases; each must be determined by facts and circumstances surrounding the matters alleged. Long v. Long, 133 Tex. 96, 125 S.W.2d 1034.

 There is some evidence of probative value that testatrix had an affection for her son, the contestant; that she was ill for a long time, was afflicted with a heart ailment, kidney trouble, had pellagra and her limbs were swollen; that Emma Ross, the half sister, the person accused of having unduly influenced the making of the will and codicil, which practically deprived the son of an inheritance from his mother, had numerous opportunities to exercise an improper influence over testatrix. These matters, when considered in connection with other testimony referred to, were sufficient to raise a jury issue of whether or not the alleged undue influence was exercised by Emma Ross over testatrix. Holt v. Guerguin, Tex.Civ.App., 156 S.W. 581.

In Craycroft v. Crawford, Tex.Com. App., 285 S.W. 275, approved by the Supreme Court, it was held that mental incapacity and undue influence may be proved by circumstances; that a motive of the legatee charged with having unduly influenced testator and an opportunity to have exercised the undue influence are circumstances which a jury may consider in arriving at a verdict on the point. Likewise, when a will makes the second wife the sole beneficiary, when testator was shown to have had a great affection for his daughter by a former marriage, it may be taken by the jury as indicative of irrational or subjugated mentality.

 We think the circumstances revealed by other witnesses, as well as that which should have been admitted from Annabelle Johnson, were sufficient to require a submission of the issue to the jury for determination. It must follow that the court erred in sustaining proponents' motion for judgment non obstante veredicto, upon the theory that there was no testimony to support the answer to special issue No. 10. In view of the action of the court in excluding the testimony referred to, and the probability of what would have followed if it had been admitted, we cannot say that the case has been fully developed to such an extent that we could render judgment, such as the trial court should have entered.

For the errors pointed out, the judgment of the trial court must be reversed and the cause remanded for another trial, not inconsistent with what we have said. Reversed and remanded.