CHARLOTTE RAGSDALE v. T. W. RAGSDALE ET AL.

No. 8165. Decided March 29, 1944.
Rehearing overruled April 26, 1944.
(179 S. W., 2d Series, 291.)

*M. M. Guinn, M. A. Greathouse, Sewell, Taylor, Morris & Connally,* all of Houston, for petitioner.

The Court of Civil Appeals was in error in holding that the trial court erroneously excluded certain testimony of E. B. and Mrs. E. B. Ragsdale and also the deposition of W. B. Ragsdale. Clark v. Briley, 193 S. W. 419; Haltom v. McKinley, 64 S. W. (2d) 1060; Leahy v. Timon 110 Texas 73, 215 S. W. 951.

The Court of Civil Appeals also erred in holding that the

argument of counsel for the petitioner was reversible error. Newton v. Rhoads Bros., 24 S. W. (2d) 378; Ramirez v. Acker, 134 Texas 647, 138 S. W. (2d) 1054; Simpson v. Brotherton, 62 Texas 170.

*Norman, Stone & Norman,* of Jacksonville and Rusk, and *Shook & Shook,* of Dallas, for respondents.

The witnesses Mr. and Mrs. E. B. Ragsdale were not disqualified to testify to statements made by the deceased. Neither was it error to hold that W. B. Ragsdale was disqualified to testify by deposition. Stapper v. Rusch, 127 Texas 151, 92 S. W. (2d) 431; Britton v. Tischmacher, 31 S. W. 241; Prior v. Awbrey, 165 S. W. (2d) 214.

MR. JUDGE FOLLEY, of the Commission of Appeals, delivered the opinion for the Court.

This is a suit brought by the heirs of John E. Ragsdale, deceased, and the grantees of other heirs, to cancel a certain trust agreement executed by deceased on September 24, 1937, conveying all of his property in trust to C. D. Asker for the benefit of petitioner, Charlotte Ragsdale, and also to cancel a conveyance of such property to petitioner by the trustee subsequent to the death of John E. Ragsdale. The respondents, T. W. Ragsdale and others, alleged that the deceased, John E. Ragsdale, was mentally incompetent to understand the nature and effect of the instrument he executed and that undue influence was exerted upon him by petitioner. In a trial before a jury the issues of insanity and undue influence were resolved against respondents and judgment was rendered for petitioner. The Court of Civil Appeals reversed such judgment and remanded the cause. 172 S. W. (2d) 381.

John E. Ragsdale died on November 8, 1937, one month and fifteen days after he executed the trust agreement of September 24, 1937. He had theretofore executed two wills in each of which petitioner was made his sole beneficiary. One of these was executed in November 1935 and the other in August 1936. Neither was shown to have been offered for probate. The petitioner apparently relied solely upon the trust agreement of September 24, 1937, wherein all the property of the deceased was conveyed to the trustee to be held, managed and controlled by him until the death of John E. Ragsdale, the income therefrom to be used for the care and support of the latter during the remainder of his life, and at his death to be transferred to petitioner by the trustee.

John E. Ragsdale was a widower without children at the time of his death. His two brothers and two sisters would have been his only heirs at law if they had survived him, but only one of them, W. B. Ragsdale, did so. Another brother, A. N. Ragsdale, predeceased him, and left two sons, T. W. Ragsdale and E. B. Ragsdale as his heirs. One sister, Ella Morris who also predeceased John E. Ragsdale, left four children, Coly Morris, Conrad Morris, Daisy Morris and Mrs. Nora Cureton. The other sister, Judy Prather, deceased, left only one child, Giffin Prather. These constituted the surviving heirs of the deceased, and, in the absence of a valid will or conveyance, would have inherited his estate. The petitioner, Charlotte Ragsdale, was only a second cousin of the deceased and was not his heir but had been closely associated with him in his declining years.

As the suit was originally filed all of the above surviving heirs of John E. Ragsdale were named as party plaintiffs, and petitioner was the defendant. Thereafter W. B. Ragsdale, the surviving brother, conveyed his interest in the deceased's estate to his grandchildren, Paul Keith, Jr., and Yvonne Keith, both minors. E. B. Ragsdale, a nephew, likewise conveyed his interest to his children, Sue Ragsdale and Batxer Ragsdale, both minors. Thereupon petitioner filed a cross action in which she first made W. B. Ragsdale and E. B. Ragsdale cross-defendants, and later filed an amended cross action in which she named them, their grantees and all the other heirs as cross-defendants, however no service was ever obtained upon the minor grantees. Upon being made cross-defendants W. B. Ragsdale and E. B. Ragsdale each filed disclaimers. In a subsequent amended original petition filed by the other heirs and the grantees above named, W. B. Ragsdale and E. B. Ragsdale were omitted as party plaintiffs. Thereafter W. B. Ragsdale died, and the executors of his estate, Giffin Prather and E. B. Ragsdale, were made cross-defendants in their representative capacities, with the other cross-defendants above named, in a second amended answer and cross action filed by petitioner.

The trial court submitted only two issues to the jury, in response to which the jury found that John E. Ragsdale was not of sound mind on September 24, 1937, and that he was not induced to sign the instrument of that date through undue influence exerted upon his mind and will. Upon such verdict the trial court redered judgment that the heirs and grantees who sued as plaintiffs take nothing by their suit. Upon petitioner's cross action the minor cross-defendants were dismissed because of lack of service upon them, and the court rendered judgment

therein in her favor against the other cross-defendants for the title and possession of the property of the estate of John E. Ragsdale, deceased. She also recovered judgment in her cross action for $78.75 against the estate of W. B. Ragsdale, deceased. The claims to the property of the dismissed minor cross-defendants were disposed of adversely to them in the first portion of the judgment wherein as party plaintiffs the court decreed that they take nothing.

■ As will be seen from the opinion of the Court of Civil Appeals that court reversed the judgment of the trial court principally upon the ground of improper argument before the jury by counsel for petitioner. This argument will doubtless not be repeated upon another trial, and since the judgment of the trial court must be reversed upon other sufficient grounds we express no opinion as to the holding of the Court of Civil Appeals on these matters. We say in passing, however, that in our judgment it is always safer, more prudent, and perhaps as effective, for counsel for the successful party to limit themselves in their arguments strictly to the evidence, the law as given only in the court's charge, and arguments of opposing counsel, always avoiding unnecessary and unjustified personal abuse of witnesses or counsel. Rules 269 and 327, Texas Rules of Civil Procedure. There are other matters, however, urged as error which will probably arise in another trial and it is to these questions that we direct our attention.

The trial court refused to permit Mrs. E. B. Ragsdale, as a witness called by respondents, to give her opinion to the jury that John E. Ragsdale was of unsound mind from 1934 until the time of his death, upon the ground that she was a party to the suit within the meaning of article 3716, Vernon's Ann. Civ. St., and thus disqualified to testify to transactions with the decedent. The Court of Civil Appeals held this to be error. Under the same statute the trial court also refused to permit E. B. Ragsdale, another witness for respondents, to express his opinion to the jury that the deceased had been insane continusly from 1934 until the time of his death. The Court of Civil Appeals also held this to be error.

■ It seems to be settled that the mental capacity of a decedent to understand the nature and effect of his act with reference to the disposition of his property is such an inquiry as that testimony relative thereto must be classed as a transaction with the deceased. Brown v. Mitchell, 75 Texas 9, 12 S. W. 606 Leahy v. Timon, 110 Texas 73, 215 S. W. 951.

Under the common-law rule no interested witness was com-

petent to testify, and this court announced in Osborn's Adm'x. v. Cummings, 4 Texas 12, that the true test for determining the interest of a witness was that laid down by Greenleaf to the effect that he is interested when "he will either gain or lose by the direct legal operation or effect of the judgment, or that the record will be legal evidence, for or against him, in some other action."

■ In order to change the common-law rule in Texas, in 1871 the Legislature passed an act in two sections, the first of which being what is now article 3714, Vernon's Ann. Civ. St., and the second substantially what is now article 3716. The first section, now article 3714, provides as follows: "No person shall be incompetent to testify on account of color, nor because he is a party to a suit or proceeding or interested in the issue tried." The second section, now article 3716, was a proviso clause enacted as an exception or limitation upon the unrestricted right granted by the first section permitting all interested parties to testify. Article 3716 prohibits parties testifying to transactions with, or statements by, a deceased person in actions by or against executors, administrators, guardians, heirs, and legal representatives, in which actions judgment may be rendered for or against them as such, unless called to testify by the opposite party. This article being an exception and restriction upon the general right of all interested parties to testify as conferred by article 3714, it has been the policy of the Supreme Court to strictly construe the language of article 3716 and thus not to extend it by construction to parties not designated by its language. Roberts v. Yarboro, 41 Texas 449; Martin v. McAdams, 87 Texas 225, 27 S. W. 255.

■ The word "party," as used in the article, includes not only parties of record, but all persons enumerated in the statute, that is, executors, administrators, guardians, heirs, and legal representatives, who may have or claim an actual and direct interest in the matters litigated which pertain to the deceased or his estate. Simpson v. Brotherton, 62 Texas 170; Clark v. Briley, 193 S. W. 419, writ refused.

Mrs. Ragsdale is the wife of E. B. Ragsdale and the mother of Sue Ragsdale and Baxter Ragsdale, minors, to whom E. B. Ragsdale conveyed his interest in the estate of John E. Ragsdale. Mrs. Ragsdale was not a party to the suit and possessed no community or other actual interest in the property in controversy. Her remote interest by virtue of her relationship to her minor children, who were parties to the suit, does not affect her competency to testify to transactions or communication with the de-

ceased. 70 C. J. 258, Sec. 344; Stephenson v. Stephenson, 25 S. W. 649, writ refused. It is also settled that where the interest involved is the separate property of the husband, the wife is not disqualified under the statute. Mitchell v. Deane, (Com. App.), 10 S. W. (2d) 717. The Court of Civil Appeals therefore correctly held that Mrs. Ragsdale was competent to testify.

■ Since E. B. Ragsdale had divested himself of all interest in the property in controversy by conveyance and disclaimer, he was neither a proper nor a necessary party to the suit. The fact that he was named as a cross-defendant is immaterial. It was not contemplated that the statute should permit one to make a person without actual interest a nominal party merely for the purpose of disqalifying him as a witness. 70 C. J. 234, Sec. 296; Klein v. Munz, 87 Colo. 223, 286 Pac. 112; Wells v. Fidelity Trust Co., 93 N. J. Eq. 94, 115 Atl. 73. Such a witness, to fall within the rule, must have or claim some actual interest in the subject matter of the suit pertaining to the estate of the deceased which may be affected by the judgment rendered.

It is also immaterial that the witness, as indicated in the opinion of the Court of Civil Appeals, may have conveyed to others his interest in the estate of the deceased primarily for the purpose of removing his disability as a witness under the statute. The inquiry as to the bona fides of such a transaction relates not to the motive prompting the conveyance but only to the question as to whether a conveyance was actually made. If the transaction was a simulated one for the purpose of circumventing the statute, thus ostensibly qualifying an otherwise incompetent witness, when in fact the real ownership or beneficial interest in the property remained in the grantor, the witness so acting would still possess such an interest as to constitute him a "party" within the meaning of the statute. O'Brien v. First State Bank & Trust Co. of Taylor, 241 S. W. 556. On the other hand, if the conveyance was not simulated or fictitious, but divested the grantor of all direct and beneficial interest in the property, the grantor would not be disqualified as a witness regardless of the motivating impulses influencing the conveyance. There are no facts in this case to show that the title did not pass out of E. B. Ragslale by the conveyance. The respondent does not so contend, nor did the trial court reject the testimony on that theory.

The respondent contends that because of the fact that the deed from E. B. Ragsdale to his children contained a warranty, the grantor became liable upon his warranty and was interested in the judgment to that extent and consequently barred from

testifying. In our opinion there was no absolute warranty in the deed. No specific property or interest was conveyed. Neither did the deed recite that the grantor owned any specific interest. He conveyed only such right, title and interest which he inherited or might receive from the estate of John E. Ragsdale. If he owned none, he conveyed none. If he possessed such interest the same was conveyed by the deed. In either event there could be no liability against him because he warranted only such title as he inherited. Therefore, the warranty would not make him such an interested party as to come within the statute. Smith v. Rickerts, 38 S. W. (2d) 644; Matthews v. McLen, 131 S. W. (2d) 24.

We thus conclude that under the settled law of this State the excluded testimony of E. B. Ragsdale was admissible. Oury v. Saunders, 77 Texas 278, 13 S. W. 1030; King v. King's Unknown Heirs, (Com. App), 34 S. W. (2d) 804; Albritton v. Commerce Farm Credit Co., 9 S. W. (2d) 193, affirmed (Com. App.), 17 S. W. (2d) 784; Hillert v. Melton, 64 S. W. (2d) 991, writ refused; Mayfield v. Robinson, 22 Texas Civ. App. 385, 55 S. W. 399.

In connection with the above conclusions, and in view of the fact that petitioner objected to the testimony of Mr. and Mrs. Ragsdale because they were permitted to remain in the court room during the trial, we suggest that if the rule is invoked in the next trial, Mrs. Ragsdale should be excluded from the court room with the other witnesses who are not parties in fact or by representation. However, this rule should not apply to E. B. Ragsdale if petitioner continues to make him a party of record in her cross action, thus seeking some sort of relief against him.

The Court of Civil Appeals also held that the trial court erred in excluding under the same statute the deposition testimony of W. B. Ragsdale wherein he testified that at all times material to this suit John E. Ragsdale was of unsound mind. The deposition was taken at 1:30 P. M. on December 17, 1938. Theretofore, on the same day, he had executed the deed conveying his interest in the estate of John E. Ragsdale to his grandchildren. The deed was filed for record at 1 o'clock P. M. that day. At such time he was still a party to the suit and his disclaimer was not filed until February 4, 1939. At the time the testimony was offered in evidence at the trial, the disclaimer, of course, had been filed. The witness died prior to the time of the trial.

██ This witness, no doubt, would have been competent to have given this testimony on the day of the trial had he lived. The question therefore arises as to whether his testimony was competent at the time his deposition was taken, and thus admissible later during the trial. Where a witness is incompetent as a party at the time his testimony was taken, a subsequent change in his status does not render his testimony competent. 70 C. J. 233, Sec. 293; Barton v. Baldwin, 52 Iowa 283, 16 N. W. 110. However, it is our opinion that the witness was competent at the time he gave his deposition, and therefore the deposition testimony was admissible at the time of the trial. When he gave the deposition testimony he had divested himself of all interest in the estate of John E. Ragsdale and although he had not then filed his disclaimer and was still a nominal party to the suit, he actually possessed no interest, and could have claimed none, in the matters in litigation pertaining to the estate of the deceased. At that time no effective judgment could have been rendered for or against him in his representative capacity as an heir of his deceased brother. The filing of the disclaimer thereafter was merely a formal matter apprising the court and the parties of his lack of interest, but the divestiture existed from the moment of the conveyance. At the time of the giving of the deposition testimony, under the strict construction placed upon the statute in question, the witness possessed no actual interest in the result of the suit which might have induced him to seek the advantage the statute proposed to prohibit. This, we think, is the true test in every case.

It is also immaterial that a judgment was rendered against the estate of W. B. Ragsdale for $78.75 in petitioner's cross action. This sum was shown to have been due for his use of a room in a building formerly owned by his deceased brother, which use was subsequent to the death of John E. Ragsdale. This was a matter purely personal between him and petitioner which had no relation to the estate of John E. Ragsdale. It was not a claim against W. B. Ragsdale in his representative capacity as an heir of his deceased brother and the judgment was not rendered as such. We therefore hold that the deposition testimony is admissible.

We think the trial court also erred in another particular involving indirectly the inhibitions of article 3716, which error, although assigned, was not discussed in the opinion of the Court of Civil Appeals. Counsel for respondents, in anticipation that petitioner would attempt to testify as to transactions with the deceased, asked the court, in the absence of the jury, to instruct counsel for petitioner not to ask her any questions relative

thereto which would require an objection as being violative of the statute. This instruction the court gave. Notwithstanding this action petitioner was placed upon the witness stand by her counsel and, after a few preliminary questions, was asked by them, over the renewed objections of respondent's counsel, the following question: "State whether, or not, you are now fully willing to testify fully in regard to all matters pertaining to this lawsuit?" To this question she responded: "I am now willing and ready to testify fully to all matters relating to this case." No further questions were asked the witness relative to this matter and, of course, no testimony was offered from her as to any transactions with the deceased, although the testimony from other witnesses showed that she and the deceased had been colsely associated for many years prior to his death. The jury necessarily knew that she must possess a great deal of information concerning the matters in controversy.

The petitioner was no doubt disqualified under article 3176 to testify to any conversations or transactions with the deceased, unless called to testify thereto by the opposite parties. Although she was not suing as his heir she was suing the administrator of his estate and the heirs of the deceased, and they in turn were suing her. It was thus an action "by and against" the "administrator" and the "heirs" in which "judgment may be rendered for or against them as such."

■ Counsel for petitioner obviously had no other purpose in asking this question and eliciting this answer than to leave the impression before the jury that respondents had taken advantage of some technicality of the law in not permitting petitioner to give them the full facts in the case. This procedure was similar to that condemned in Brackenridge v. Roberts, 114 Texas 418, 267 S. W. 244, wherein this court held it was error to permit counsel to state to the jury that certain witnesses were not permitted by statute to testify to transactions with the deceased, and for that reason counsel were afraid to let them testify. In that case it was held that such conduct was violative of the principle and spirit of article 3716 and constituted reversible error. Respondents herein had the statutory right to exclude petitioner's testimony in this particular and their case should not be prejudiced because they exercised this right. Carvajal v. Casanova, 62 S. W. 428; McMahan v. City of Abilene, 8 S. W. (2d) 554. The conduct of counsel in this respect is analogous to that where the state in the trial of a criminal case "tenders" the wife of the defendant as a witness, and forces the defendant to assume the onus of refusing to permit her to testify. This conduct has been held to be error. Eads v. State, 74 Texas Cr. R.

628, 170 S. W. 145; Green v. State, 83 Texas Cr. R. 68, 201 S. W. 182. Likewise, we hold this conduct of counsel for petitioner constituted reversible error.

The judgment of the Court of Civil Appeals reversing that of the trial court and remanding the cause for a new trial, is affirmed.

Opinion adopted by the Supreme Court March 29, 1944.

Rehearing overruled April 26, 1944.