## SHEFFIELD v. LEECH.

### No. 12082.

Court of Civil Appeals of Texas. Galveston.

June 9, 1949.

Alton C. Arnold, of Angleton and Stanton Stone, of Freeport, for appellant.

Bob S. Owen, of Alvin and Masterson & Pope and Alex Pope, Jr., of Angleton, for appellees.

CODY, Justice.

The record in this case shows that at the conclusion of plaintiff's evidence, in response to defendant's motion therefor, the court directed a verdict for defendant. Upon the trial, the court ruled that D. M. Leech was incompetent under art. 3716, the Dead Man's Statute, to testify to certain conversations between himself and his deceased parents. Whether this ruling was correct is the principal question to be determined on this appeal. In order to de-

termine whether or not the Dead Man's Statute has any application, and whether D. M. Leech was a party incompetent to testify under said Statute, the following lengthy statement must be given:

On June 6, 1905, by a general warranty deed in usual form, lots Nos. 1 and 2 of Block No. 1 in Jamison's Addition to the Town of Alvin were conveyed to Gussie Leech upon the recited consideration of $100 cash, together with the further consideration of her note for the sum of $45. At the time of said conveyance Gussie Leech was the wife of F. K. Leech. On December 10, 1946, some forty years later, the said F. K. Leech died intestate leaving surviving him his wife, Gussie Leech, and their only surviving children, the aforesaid D. M. Leech and F. H. Leech, the same being their only children who reached maturity.

F. H. Leech died testate on May 25, 1947, which was two weeks after his forty-seventh birthday. He left all his property to his widow, Mrs. Christine Leech, the defendant in this suit. On June 5, 1947, Gussie Leech, for the consideration of $10 and other good and valuable consideration, executed, or purported to execute a general warranty deed in usual form, conveying the aforesaid lots 1 and 2 to D. M. Leech and wife, Alice L. Leech. Then, on February 3, 1948, the defendant herein, Christine Leech, individually and as independent executrix of the estate of F. H. Leech, deceased, by general warranty deed conveyed an undivided fourth interest in aforesaid lots to D. M. Leech, reciting in said deed that it was her intention to convey thereby the undivided one-fourth interest in the property which was inherited by her husband from his father, and by her husband devised to her. Gussie Leech died February 17, 1948.

On April 14, 1948, D. M. Leech and wife, as plaintiffs, filed suit against Christine Leech, individually and as independent executrix of the estate of F. H. Leech, deceased, alleging among other things that on February 3, 1948, said defendant claimed that she owned an undivided fourth interest in aforesaid lots, and demanded $4,000 as the purchase price thereof. That on said date, defendant conveyed said interest to D. M. Leech for the sum of $4,000 paid her by said Leech. Plaintiffs further alleged a demand on defendant for the repayment of said $4,000. Citation was duly issued and served upon said petition, and on June 14, 1948, defendant filed her answer in said suit.

On September 23, 1948, in an ex parte proceeding, the court found that it had been made known to the court that E. J. Sheffield had succeeded to all the rights, assets and privileges of the former plaintiffs, D. M. Leech and wife, Alice L. Leech, and issued the order "It is therefore ordered, adjudged and decreed by the court that E. J. Sheffield * * * be and he is hereby substituted as the party plaintiff herein, instead of the former plaintiffs, D. M. Leech and wife, Alice L. Leech." Thereafter, acting as plaintiff, E. J. Sheffield filed various amended pleadings, and a supplemental petition, using therein the original style and number of the cause. The defendant filed amended pleadings, treating D. M. Leech and wife as plaintiffs in the case, but also treating Sheffield as a plaintiff.

During the progress of the trial, Sheffield undertook to prove the facts which he had alleged as to the acquisition of the property when it was taken in the name of Gussie Leech, which, if true, would establish that, though presumptively the community property of Gussie Leech and her husband, was really the separate property of Gussie Leech. To make such proof, and to make further proof that the funds used in improving the lots, though originally community property, were given by her husband to Gussie Leech, appellant, Sheffield, called D. M. Leech to testify. Defendant objected to the competency of D. M. Leech, under the Dead Man's Statute, to testify to conversations he had with his parents, beginning when he was quite young, more than forty years ago. The court sustained defendant's objection. Due to the court's said ruling, Sheffield could not get said evidence before the jury. Thereupon defendant moved for a directed verdict, specifying therein the grounds therefor. As stated above, the court granted said motion, and rendered judgment that plaintiffs take nothing.

Appellant predicates error upon the following three points:

I. The court erred as a matter of law in holding that the sale to E. J. Sheffield was a simulated sale, because such a question involves fact situations that should have been submitted to the jury.

II. The court erred in excluding the testimony of D. M. Leech from the jury on the ground that his testimony was in violation of Article 3716.

III. The court erred in holding that D. M. Leech was a party to this suit on October 19, 1948, for the reason that D. M. Leech and wife had sold their interest in the suit to E. J. Sheffield and the court had entered its order substituting E. J. Sheffield as party plaintiff.

Appellee contends that the judgment should be affirmed upon the counterpoints (1) that plaintiffs failed to prove that $4,000 was paid to defendant (2) that appellant bases his action upon a mistake of law and not of fact (3) that the question of the competency of the witness D. M. Leech is within the province of the court (4) that the only competent evidence in the record established that the property in question was the community property of F. K. Leech and Gussie Leech so that an undivided half of an undivided half became vested in F. H. Leech's wife.

 Art. 3716 is in the nature of an exception to art. 3714, which largely abolished the common law incompetency of interested witnesses to testify. Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291. Art. 3716 reads: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." The word "party" includes "all persons enumerated in the statute, * * * who may have or claim an actual and direct interest in the matters litigated which pertain to the deceased or his estate." Ragsdale v. Ragsdale, 142 Tex. 476, 481, 179 S.W.2d 291, 294.

Appellant makes no contention that D. M. Leech was competent to testify at the time the said Leech and his wife filed suit against appellee. Some months after Leech and wife filed suit they executed an instrument which purported to transfer to Sheffield their purported right to recover the sum of $4,000 which they contended was paid to appellee by reason of a mutual mistake of fact. The recited consideration for such transfer was the sum of $10. If D. M. Leech and wife actually transferred their purported right of recovery to Sheffield, it is immaterial what their motive in so doing was. But if "the transaction was a simulated one for the purpose of circumventing the statute, thus ostensibly qualifying an otherwise incompetent witness * * * the witness so acting would still possess such an interest as to constitute him a 'party' within the meaning of the statute. O'Brien v. First State Bank & Trust Co. of Taylor, Tex.Civ.App., 241 S.W. 556. * * *" The Ragsdale case, supra, 142 Tex. at page 482, 179 S.W.2d 295. The court then went on to say in the Ragsdale case that there were no facts to show the title had not passed out of the witness so as to qualify him to testify. Then the court significantly added that the respondents made no contention that the title had not passed out of the witness who had theretofore been disqualified, "nor did the trial court reject the testimony on that theory." Id.

In O'Brien v. First State Bank & Trust Co. of Taylor, supra, cited in the Ragsdale case, the competency of a witness under the Dead Man's Statute was challenged, though the witness had executed a written transfer of her interest in her mother's estate to a sister. The trial court was strongly of the opinion that the alleged conveyance by the witness of her interest in the estate was not bona fide, but only a pretended one for the purpose of enabling her to testify. This conclusion was reached by the trial court after hearing the witness's testimony in the absence of the jury with respect to her deed to witness's sister, and the circumstances connected therewith. Said the

court, Tex.Civ.App., 241 S.W. at pages 558, 559: "We think the court was acting within its discretion in excluding the testimony of Mrs. Umberger [i. e., the witness]. The competency of a witness is always a question for the court, as his credibility is always a question for the jury." The court went on to say that if there had been no evidence of the interest of the witness, "or if the undisputed testimony had conclusively shown the witness to be without interest in the suit, then the action of the court in holding the witness to be incompetent would constitute an abuse of discretion, and would be, subject to revision here. * * * We think the evidence was of such nature as to support the court's conclusion that the witness was an interested party, and therefore incompetent, and, this being true, that conclusion, although involving a question of fact, cannot be questioned here, any more than could the finding of a jury upon a disputed issue of fact. Garner v. Cutler, 28 Tex. 175".

In the case at bar the court examined D. M. Leech and E. J. Sheffield in the absence of the jury in regard to the transaction by which Leech and wife purportedly transferred their interest in the claim against appellee to Sheffield. Sheffield and D. M. Leech and wife, as stated above, had, without any notice to appellee, but by an ex parte proceeding, effected the substitution of Sheffield as plaintiff upon the face of the record. Appellee strongly denied the good faith of the purported transfer as soon as she learned of it. In the examination of Sheffield and D. M. Leech in the absence of the jury with respect to the transaction it was elicited: That there was no discussion of the price for the transfer of the claim; that payment of the $10 was made to Leech by Sheffield with a check, but that Sheffield did not have the cancelled check; the purported transfer was in Leech's attorney's office; that the only connection between Leech and Sheffield was that they had been good friends for thirty years. We cannot hold that the court abused its discretion in concluding that the transfer was not in good faith, so that Leech was not competent to testify to conversations with his parents. Appellant makes no contention that he made out any case to go to the jury in the absence of the testimony of D. M. Leech which was excluded. In other words, the evidence in the record established that the lots in question were the community property of Gussie Leech and the father of D. M. Leech, so that appellee succeeded to an undivided one-fourth thereof.

Furthermore, according to D. M. Leech's testimony which was excluded, and according to the allegations of appellant, D. M. Leech had known from conversations of his mother and father for forty years that the lots were a gift from his father to his mother. That is to say, it was not contended that the facts which appellant sought to have D. M. Leech testify to were not known to him for many years. D. M. Leech knew all the facts when he took a conveyance from appellee. Indeed, he was the only one who purported to know such facts, and he came forward only after his brother, mother and father had died. "Money voluntarily paid with full knowledge of all the facts, and without fraud, deception, duress or coercion, cannot be recovered back, although it was paid upon a void or illegal demand or upon a claim which had no foundation in fact, and was paid without consideration". 32 Tex.Jur. 727. Among the grounds specified in appellee's motion for a directed verdict was the ground that plaintiff had failed to prove a mistake which would justify a recovery, whether of law or fact.

We overrule appellant's points, and affirm the court's judgment.