**STEWART et al. v. SHOEMAKE et al.**

No. 15089.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 9, 1949.

Rehearing Denied Jan. 13, 1950.

McGown, McGown, Godfrey & Logan and Berl E. Godfrey and R. W. Decker, all of Fort Worth, for appellant.

Harold E. Whitney, Phoenix, Ariz., Scarborough, Yates, Scarborough & Black, Abilene, for appellee C. H. (Ike) Hocker.

No brief filed for any other appellee.

McDONALD, Chief Justice.

On January 7, 1947, Dan Stewart, since deceased, executed a will, which has been probated in Arizona, in which appellee Hocker was named as the sole beneficiary. On August 11, 1947, Dan Stewart executed a trust indenture in which certain property was conveyed to trustees for purposes therein set out. This suit involves, in part, an undertaking by appellee Hocker to set aside the trust indenture on the ground that the execution of it was procured by undue influence on the part of the beneficiaries. On a jury finding of undue influence judgment was rendered declaring the trust indenture to be void and of no effect.

. Those seeking to uphold the trust indenture have appealed, relying on two points of error.

Under the first point complaint is made of a portion of the argument of appellee's counsel to the jury commenting on the failure of appellants to call as a witness the notary public who took the trustor's acknowledgment to the trust indenture. It appears from the statement of facts that the acknowledgment was taken in Gila Bend, Arizona. There is nothing in the record to show that the notary was under the control of appellants, or that he was more available as a witness to appellants than he was to appellee, or that he was within the jurisdiction of the court. The rule applicable in such a situation is stated as follows in 41 Tex.Jur., p. 782:

"It is well settled that counsel is privileged to comment on the absence or nonproduction of witnesses, when it is within the power of the defaulting party to produce them, * * * (but the) rule

is subject to some limitations, however. Comment is improper where the absent witness is as much within the control of one party as the other, or where there is no evidence to show or it is not inferable that the witness was available, that he was within the jurisdiction of the court or under the control of the party, or that he possessed knowledge of the facts."

Appellee says that the matter is not before us on appeal for two reasons.

■ First, he says that the record on appeal does not show that the offending argument was made, or what was said in the argument. It has often been held that the record must show, usually by a bill of exceptions, the argument complained of. 3 Tex.Jur., p. 489. The bill of exceptions found in the present record does not set out the complained of argument in haec verba. It bears the number and style of the cause, and a heading reading as follows: "Plaintiff's Exception to Order of Court Overruling Objection to Defendant's Counsel's Argument to the Jury." The bill then shows what appears to be a quotation of the objections made to the argument complained of. The argument complained of in the objections is described in one place as "commenting upon the failure of plaintiffs to produce as a witness at the trial the Notary Public who took the acknowledgment of Dan Stewart on the trust indenture that was the subject of the litigation," and in another place as "again commenting upon the failure of plaintiff to produce the Notary Public, as set out in Objection No. (1) above, and arguing at great length that if said Notary Public had been present, the jury would have discovered the true facts surrounding the execution of the instrument." The objections declare in substance that the notary was not within the control of plaintiffs. The bill concludes with what appears to be the certificate of the court, which reads as follows: "The foregoing objections to the arguments of defense counsel were made by the attorneys for the plaintiffs at the time the arguments were made to the jury, and the objections were overruled, and plaintiffs excepted to the action and ruling of the Court and the District Clerk is directed

to file this as Plaintiff's Bill of Exception No. 2." The bill is signed by the judge of the trial court.

Rule 372, Texas Rules of Civil Procedure, provides in part as follows:

"(a) No particular form of words shall be required in a bill of exception; but the objection to the ruling or action of the court shall be stated with such circumstances, or so much of the evidence as may be necessary to explain, and no more, and the whole as briefly as possible.

\* \* \* \* \* \*

"(g) The judge shall submit such bill to the adverse party or his counsel, if in attendance on the court, and if found to be correct, the judge shall sign it without delay and file it with the clerk.

"(h) If the judge finds such bill incorrect, he shall suggest to the party or his counsel such corrections as he deems necessary therein, and if they are agreed to, he shall make such corrections, sign the bill and file it with the clerk."

Sections (i) and (j) set out the procedure to be followed in the event a party is dissatisfied with the bill filed by the judge.

■ It is clear to us that the bill constitutes a certification by the trial court of the fact that the argument described in the objection was made. To give any other construction to the bill is to suppose that the trial court went through the useless procedure of signing a bill of exceptions concerning an argument that was not made. If the argument was not made, the simple thing for the trial court to do was to qualify the bill by certifying that no such argument was made. In most cases the bill of exceptions will contain a verbatim quotation of the argument complained of, and ordinarily it would be the safest practice to bring the exact argument, rather than a summary of it, into the bill of exceptions, but in the bill before us the summary of the argument complained of is sufficiently definite to enable us to determine what the argument was and that it was improper. If the summary of the argument stated in the bill was an unfair one, or if the argument was not in fact made, the defendant, appellee here, should have taken the proper steps to see that the bill was corrected. There is nothing in the

record to suggest that he objected to the bill, so the presumption here is that he had no objections to it.

Second, appellee says that the bill of exceptions is deficient for the reason that it does not certify that the argument was not in reply to appellants' argument or was not justified by the evidence. Some decisions are cited by appellee which uphold this contention, but the controlling decisions in our State are to the contrary. The prevailing rule and citations of other cases announcing it are set out in the opinion in West v. State, Tex.Civ.App., 150 S.W.2d 363, 366. We quote from that opinion:

■ "It has been settled by decisions of our Supreme Court that a bill of exceptions to improper argument in a civil case need not negative that argument complained of was provoked by argument of opposing counsel, nor that it was supported by evidence."

■ As has been stated, Dan Stewart executed a will on January 7, 1947, naming appellee Hocker as the sole beneficiary. It was stipulated by the parties that such will was executed and that it had been probated in Arizona. The trial court admitted in evidence, over objection of appellants, a portion of the will which recited that the testator had intentionally omitted to make any devise or bequest to his children, naming them, for the reason that they had not, during many years past, shown him any kindness, consideration or loving care and had not given him any financial aid when he had needed it. Appellants argue that such portion of the will was inadmissible because (1) it constituted a statement of the deceased within the meaning of Article 3716, R.C.S., (2) it was hearsay, (3) there were no pleadings to support its admission in evidence, and (4) appellants had had no opportunity to obtain evidence concerning the validity of the will or to make any attack on it.

Admission of the portion of the will did not violate the provisions of Article 3716, because no testimony of any party to the suit was required to prove the fact that the will was a declaration of the testator. We had a somewhat similar situation before us in Newsom v. Fikes, Tex.Civ.App., 153 S.W.2d 962, writ ref. w. o. m., where it was contended that a deed and release which had been executed by a person deceased at the time of trial constituted transactions with the deceased within the meaning of Article 3716. We overruled the contention because under the circumstances the party to the suit did not testify and did not have to testify concerning the instruments in order to establish their execution. Reference is made to the authorities cited in that opinion.

■ The portion of the will was admissible on the issue of undue influence, as against the complaint of hearsay, not as evidence of the truth of the matters therein stated, to-wit, that the testator's children had not shown any kindness toward him and had not given him financial assistance, but to show the state of the testator's mind, feelings and affections, or intentions, provided there was independent evidence of the alleged undue influence. See statements of the rules and citations of cases in the annotation in 148 A.L.R. 1225 and in 17 Tex.Jur. 582. Appellants would be entitled to an instruction from the court to the jury limiting the effect to be given such evidence.

■ There was no need of pleadings to support this particular item of evidence. Ordinarily a party does not have to plead his evidence; besides, the parties had stipulated that the will had been executed and probated.

■ We do not see the force of the contention that appellants had had no opportunity to obtain any evidence concerning the validity of the will or to make any attack on it. As we read the record, the parties stipulated that Stewart executed the will and that it had been probated in Arizona. At any rate, in view of the fact that the judgment is being reversed for other reasons, appellants will probably have opportunity by the time of another trial to make such attack on the will as the facts of the case may warrant.

For the error assigned under point one, the judgment is reversed and the cause is remanded for another trial.