Ava Geneva SHORT et al., Appellants,

v.

Miriam Elizabeth SHORT, Appellee.

No. 564.

Court of Civil Appeals of Texas,
Tyler.

May 20, 1971.

Rehearing Denied June 17, 1971.

Akin, Stanford & Gilliland, Paul H. Stanford, Dallas, W. Ernest West, Canton, for appellants.

F. T. Gauen, Jr., Dallas, for appellee.

MOORE, Justice.

This is a will contest. All parties to the proceeding are children of A. N. Berry, deceased. Proponent Miriam Elizabeth Short, acting as independent executrix under the will, filed application for the probate of the will in the Probate Court of Dallas County, Texas. Contestants, Neal Berry, et al, opposed probate on the ground that the signature on the will was not genuine and alternatively, that if testator did execute the instrument, it was a result of undue influence. The Probate Court, after a hearing, entered judgment admitting the will to probate. Thereupon contestants duly perfected their appeal to the 192nd Judicial District Court of Dallas County. Trial in the District Court was had before a jury. In response to three special issues the jury found (1) that the testator did, in fact, assign and execute the will, (2) that he possessed testamentary capacity, and (3) that he was not acting under the undue influence of Miriam Elizabeth Short. Based upon the verdict the trial court entered judgment admitting the will to probate. After contestants' motion for new trial was overruled, they perfected this appeal. The parties will hereinafter be referred to as in the trial court.

Contestants seek a reversal of the judgment by two points of error. First, they say the trial court erred in overruling contestants' objections to the testimony of the witness, A. G. Pendleton, who was named as substitute executor in the will in question, regarding transactions and communications with A. N. Berry, deceased, because such testimony was prohibited by the provisions of Article 3716, V.A.T.S.

The statute referred to, known as the "Dead Man's Statute", reads as follows:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

In Section seven of the will of A. N. Berry, proponent Miriam Elizabeth Short was appointed independent executrix without bond. In Section eight the testator provided that "in the event my daughter, Miriam Elizabeth Short * * * cannot for any reason act as my independent executrix, then I appoint my grandson, A. G. Pendleton, independent executor of my will and direct that no bond be required of him * * *."

Proponent Miriam Elizabeth Short duly qualified as executrix and has continued to act in that capacity at all times material to this suit.

During the course of trial in the District Court, A. G. Pendleton was called as a witness by the proponent. Contestants objected to his testimony on the ground that he was executor under the will and that any testimony as to any transaction with the deceased would be in violation of Article 3716, supra. The objection was overruled and Pendleton was permitted to testify as to transactions and conversations with the deceased concerning the reasons why he made certain devises to certain children and why he appointed proponent as independent executrix. Such testimony, although admittedly damaging and prejudi-

cial to contestants, was nevertheless admissible unless prohibited by the provisions of Article 3716, supra.

■ The question presented is this: Does the statute prohibit a substitute or alternate executor from testifying as to transactions with the deceased where the contingency upon which his appointment was made has not occurred and he has never acted in such capacity? We do not think so.

■ It is well settled that the statute in question is to be strictly construed. Pugh v. Turner, 145 Tex. 292, 197 S.W.2d 822; Hutto v. Cook, 139 Tex. 571, 164 S. W.2d 513. The existence of the disqualifying interest must be determined as of the time the testimony sought to be excluded is offered. Pugh v. Turner, supra (citing cases). It has also been held that the terms of the statute will not be extended to embrace those not especially named therein. Smith v. Smith, 257 S.W.2d 335 (Tex. Civ.App., Waco, 1953); Trantham v. Roper, 308 S.W.2d 195 (Tex.Civ.App., Texarkana, 1957).

■ Appellant takes the position that the statute prohibits every executor, including a substitute executor, from testifying against all other parties as to any transaction with the testator. We do not believe the statute is subject to such a broad interpretation. The statute prohibits "parties" from testifying as to transactions with a deceased person in actions by or against executors, administrators, guardians, heirs and legal representatives. The word "party" as used in the statute includes not only parties of record but all persons enumerated in the statute, such as executors, administrators, etc. The prohibition of the testimony of a party however is limited to actions "in which judgment may be rendered for or against them as such." Consequently in order to fall within the prohibition, such witness must have, or claim an actual or direct interest in the subject matter of the suit concerning the estate of decedent which may be affected by the judgment rendered. Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291; Pugh v. Turner, supra. It is undisputed that the witness Pendleton had no interest in the subject matter of the suit, nor claimed any interest therein. The only way he could have had an interest under the will would have been for a contingency to take place which had not occurred and which may never occur. Since no judgment could have been rendered either for or against him which would have affected him in his capacity as substitute executor, we hold that Article 3716 was not applicable and that the testimony of A. G. Pendleton was admissible. Contestants' first point is therefore overruled.

By the second point appellant urges that the trial court erred in stating in the presence of the jury, at the time proponent's counsel was called to testify as to facts surrounding the preparation of the will, that a lawyer need not be sworn in his court, because such statement amounted to a comment on the weight of the evidence.

During the course of trial, counsel for proponent called himself as a witness, and upon taking the witness stand, in the presence of the jury, the following colloquy took place:

"THE COURT: Call your next witness, counselor.

"MR. GAUEN: Your Honor, I will take the stand, if the Court please, I was sworn yesterday.

"THE COURT: Well, I didn't know you were sworn, but I wouldn't swear you in under any circumstances being an officer of this Court—

"MR. GAUEN: Thank you, Your Honor.

"THE COURT: —unless counsel requested it. Do you request it, counsel? He has already taken his oath.

"MR. STANFORD: He has already been sworn in, Your Honor.

"THE COURT: I say this for the benefit of the jury and any one sitting in this courtroom that any time a lawyer takes the stand in the courtroom he is under oath as an officer of this Court without being sworn in. So that is the only reason for my saying that. All right, counsel."

 Counsel for proponent then testified as to his conversation with the decedent concerning the drawing of the will as well as his observations of the physical and mental condition of the decedent. Contestants registered no objection to the remarks and comments of the court nor did they request that the jury be instructed not to consider same. According to the well settled rule an objection to improper conduct or comment on the part of the court in the trial of the case generally must be made at the time of the occurrence if the error is to be preserved for appellate review, unless such conduct or comment is of such character that it cannot be rendered harmless by proper instruction. Rule 373, Texas Rules of Civil Procedure; 3 Tex.Jur.2d, sec. 151, "Appeal and Error;" State v. Wilemon, 393 S.W.2d 816 (Tex.Sup., 1965); Brazos River Authority v. Berry, 457 S.W.2d 79 (Tex.Civ.App., Tyler, 1970, writ ref., n. r. e.). Contestants make no contention that the alleged comment was such that it could not have been cured by proper instructions. In these circumstances any right contestants may have had to complain of the remarks of the court was thus waived because of their failure to object and properly preserve the point for appellate review.

Even though contestants had properly preserved the point, we are of the opinion that any error that may have been committed is harmless. Rule 434, T.R.C.P. As we construe it, the comments amount to nothing more than a statement of the court's policy of not requiring attorneys and officers of the court to be sworn as witnesses. The remarks were of a general nature and did not directly relate to the credibility of the attorney who was about to testify. Moreover, since the jury knew that the attorney had already been sworn as a witness, the remarks were somewhat irrelevant to the situation. At any rate, we do not believe the alleged error, if any, was such as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment.

Finding no reversible error, the judgment of the trial court is affirmed.