**Lola FAULKNER and Rose Stacy, Appellants,**

v.

**Kathy Ann Granberry THRAPP, Appellee.**

**No. 8828.**

Court of Civil Appeals of Texas, Texarkana.

April 14, 1981.

Rehearing Denied May 12, 1981.

Thomas R. Newman, Texarkana, for appellants.

Lynn Cooksey, Texarkana, for appellee.

BLEIL, Justice.

The appeal in this will contest case presents questions of whether the trial court erred in the admission of certain evidence. We find no error and affirm the take nothing judgment of the trial court.

Lola Faulkner and Rose Stacy, appellants, are natural daughters of Edna Granberry. The appellee, Kathy Ann Granberry Thrapp, is her granddaughter and the daughter of a deceased brother of appellants.

On March 1, 1976, Edna Granberry died of natural causes. She was 88 years old. In October of 1975 she conveyed certain real estate and executed a will which left her entire estate to her granddaughter, Kathy. After her death, application was made for the probate of that will. Appellants filed this suit to set aside the will and deed alleging that at the time of the execution of

the documents the deceased was not of sound mind. They also claim that appellee exerted undue influence on her grandmother.

The deceased was a lifelong resident of Bowie County, Texas. Appellee, too, resided in Bowie County. The appellants had each spent their early years in this same area, however, as adults they had both moved to another state. At the time of Mrs. Granberry's death both appellants were out of state and neither one was able to attend their mother's funeral.

Appellants put on evidence that Edna Granberry was advanced in years, that she had trouble with her memory and that one of her feet bothered her. Mrs. Sally Granberry, Edna's sister-in-law, testified on behalf of appellants that she had known and lived near Edna Granberry for at least sixty years and that Edna was always very fond of Kathy. During Kathy's childhood she spent much time with her grandmother. Edna Granberry moved in with Kathy and stayed with her during her last years until she finally went to a nursing home. Kathy cared for her grandmother up until her death. Sally Granberry also testified that Edna knew what property she owned and who her heirs were and had discussed with Sally Granberry the manner in which she had decided to dispose of her estate upon her death. Sally Granberry testified that she did not think Edna Granberry knew what she was doing when she made her will.

Robert Faulkner of San Bernardino, California, and the husband of one of the appellants, testified he did not think Edna Granberry was aware of who would get her property upon her death, although he never discussed this or any subject with his mother-in-law. Other witnesses for appellants related that in her latter years Edna's mind was not as good as it once was.

Dr. James Leeves and Dr. John Paul Jones, Jr., treated Edna Granberry during 1975 and 1976. They both said that she was mentally competent, aware of the nature and extent of her property, and in control of her mental faculties. Mr. Jerry Davis, the attorney who had prepared the deed and will, gave similar testimony. He also testified over appellants' objection that in his opinion Edna Granberry had testamentary capacity when the documents were executed. Appellee, Kathy Thrapp, and her brother, Roger Granberry, also told of their grandmother's good mental condition. Kathy and Mr. Davis testified to the circumstances surrounding the execution of the document and of the absence of the exertion of any undue influence upon Edna Granberry at that time.

The jury, in response to special issues, found that Edna Granberry did have testamentary capacity when she executed the will and deed. It failed to find that the execution of the documents was produced by undue influence exerted by Kathy. Judgment was entered on the verdict that Lola Faulkner and Rose Stacy take nothing by their suit.

■ In appellants' first point of error complaint is made that the trial court erred in admitting certain evidence in violation of Tex.Rev.Civ.Stat.Ann. art. 3716, commonly known as the Dead Man's Statute. That article provides,

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

It is urged that the court erred in admitting into evidence plaintiffs' exhibits 1 and 2. These documents were the will and deed in controversy and had been offered into evidence by appellants for the limited purpose of attacking their validity. Later in the trial appellee offered the documents for all purposes and they were admitted into evidence for all purposes over objection. The trial court properly overruled this objection.

Their introduction in evidence in no manner violates the rule that prohibits parties from testifying as to transactions with a deceased testator in certain cases. *Chajkowski v. Clements*, 229 S.W.2d 633 (Tex.Civ. App.—Galveston 1950, writ dism'd); *Stewart v. Shoemake*, 225 S.W.2d 873 (Tex.Civ. App.—Fort Worth 1949, writ ref'd n.r.e.).

■ Testimony of the deceased's attorney and two attending physicians was also properly admitted over this objection. None of these witnesses was a party to these proceedings. Further, Article 3716 is to be strictly construed and the language of that article is not to be extended by judicial construction. *Ragsdale v. Ragsdale*, 142 Tex. 476, 179 S.W.2d 291 (1944); *Hutto v. Cook*, 139 Tex. 571, 164 S.W.2d 513 (1942).

■ The admissibility of certain hearsay matters during the testimony of Mr. Davis is also assigned as an error on this appeal. Mr. Davis gave certain testimony as the attorney who prepared the will and deed, and as a notary public before whom the will was executed and witnessed. He testified that Carolyn Blackburn and T. C. Crews witnessed the execution of the will by Edna Granberry, that appellee provided him information as to what the deceased wanted in her will because the deceased was unable to come to his office at that time, and that he had a "good feel" for knowing whether or not a person knows what he is doing. We overrule the point of error complaining of the admission of this testimony for two reasons. First, this testimony is not hearsay. Second, the trial court did not err in admitting this evidence because no objection was made to its being hearsay at the time of trial and this point was waived. 4 Tex.Jur.3d Appellate Review § 97.

■ Appellants also objected to the admission of Mr. Davis' opinion that Edna Granberry had testamentary capacity at the time of the execution of the documents.

They rely on *Carr v. Radkey*, 393 S.W.2d 806 (Tex.1965). It holds that while evidence of a testator's mental condition is admissible, evidence of mental capacity to make and publish a will involves a legal definition and a legal test and is not admissible. We fully agree with the holding in that case. The court stated that:

"... the jury in cases such as these should be given all relevant and competent testimony with regard to the mental condition of the testatrix; and in our opinion, competent evidence about her mental condition and mental ability or lack of it which does not involve legal definitions, legal tests, or pure questions of law should be admitted...."

It has also been held that a witness, whether expert or non-expert, is not permitted, over objection, to state his opinion as to the legal capacity of a person to make a will. This rule exists because the determination of the existence of testamentary capacity involves the application of a legal definition to the facts. *Lindley v. Lindley*, 384 S.W.2d 676 (Tex.1964). See also 2 R. Ray, Texas Evidence § 1421 (3d ed. 1980). This rule is well suited to medical experts and other persons without knowledge or training in the legal field. However, it does not appear to be appropriate for the facts in this case. The fundamental basis for this rule is that it is not proper to allow a witness to apply legal definitions to the facts because the witness, by his lack of legal training or education, is unable to properly apply legally correct definitions to the facts. The basis for the rule is not present in this case. The rule itself should not be applied because of any blind or rigid adherence to it.

The trend in the law with regard to expert opinion evidence has been to allow its admission if it will be helpful to the jury. Federal Rules of Evidence 702 and 704 demonstrate the evolution of the law towards allowing in evidence of this type.[1] Too, it

1. These Rules are as follows:

"Rule 702. Testimony by Experts

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

meets the requirements of § 1400, 2 R. Ray, Texas Evidence (3d ed. 1980), entitled "General Test for Receiving Opinions of Expert Witnesses." [2] That rule could justify the trial court's admission of Mr. Davis' opinion because (1) the subject of the opinion is related to the legal profession, and (2) his skill or qualification in that field was stipulated by both sides. Then the trial court was properly authorized to apply the practical test. The trial court did and apparently concluded that the jury could receive appreciable aid by receipt of this evidence.

■ Here the witness had already testified to all the underlying facts which form the definition of testamentary capacity. His subsequent expression that she had this capacity was properly admitted both as his opinion and as a shorthand rendition of the facts.

■ Mr. Davis was shown to be a qualified attorney, an expert in the legal field whose qualifications were stipulated, and for that reason the trial court allowed him to express his opinion concerning the testatrix's capacity to make a will. We believe that the trial court properly allowed this evidence. It makes sense, it is logical, and we find no error in its admission. In fact, it is in keeping with the policy as expressed in *Carr v. Radkey, supra,* that the jury should "... be given all relevant and competent testimony with regard to the mental condition of the testatrix ...". To hold otherwise in this case would deny the jury the benefit of relevant matters within the knowledge of this witness. We find no abuse of discretion by the trial court in determining that this evidence would be helpful to the jury and in admitting it. However, even if we agreed with appellants

that the admission of this opinion was error, it would he harmless error under the facts of this case. There is an abundance of evidence of the good mental health and condition enjoyed by Edna Granberry at the time of the execution of the documents.

Our review of all of the evidence in this case leads us to conclude that it amply supports the jury findings in this case. All points of error are overruled.

The judgment is affirmed.

CORNELIUS, Chief Justice, concurring.

Although I agree that this case should be affirmed, I cannot consent to the conclusion that the legal opinion of Mr. Davis was properly admitted.

It is well settled that a witness, regardless of his training, is not permitted to give an opinion which constitutes a legal conclusion. *Brown v. Mitchell,* 88 Tex. 350, 31 S.W. 621, 36 L.R.A. 64 (1895); 2 R. Ray, Texas Evidence § 1423, p. 71 (3d ed. 1980), and cases cited; 7 J. Wigmore, Evidence § 1952, p. 81 (3d ed. 1940); 23 Tex.Jur.2d Evidence § 413, p. 619, and cases there cited. The basis for that rule is not that the witness lacks the training or competence in the law necessary to understand and apply the legal definition or test. The reason for the rule is that the legal effect of a given set of facts is not a matter for the opinions of witnesses, but is a matter of law which is to be decided and applied solely by the tribunal trying the case. 2 R. Ray, Texas Evidence § 1423, pp. 71–72 (3d ed. 1980), and cases there cited; 7 J. Wigmore, Evidence § 1952, p. 82 (3d ed. 1940). In the case of a mixed question of law and fact, such as testamentary capacity, to per-

---

"Rule 704. Opinion on Ultimate Issue

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

2. "The opinions of experts are received upon the theory that, by reason of study or experience, they have upon the subject of inquiry a special knowledge which jurors generally do not possess and are therefore better equipped to draw conclusions from the facts than the jurors themselves. To justify the use of a par-

ticular expert's testimony it must appear (1) that the subject is so related to some science, profession or business as to be beyond the knowledge of average laymen, and (2) that the witness offered has such skill, knowledge or experience in the particular field to make it probable that his opinion will be of assistance to the trier in making the factual determination. This being so, the practical test for receiving such opinion is: On the subject in issue can the jury receive any appreciable aid from the person offered? ..."

mit a witness to state his conclusion would allow that witness to interpret and apply for the jury the legal test involved in the question, which is properly the exclusive prerogative of the judge. The rule has been universally applied to attorneys and it specifically applies to conclusions concerning a person's testamentary capacity. Witnesses may testify to the facts bearing upon legal capacity, but not to the ultimate conclusion. *Carr v. Radkey*, 393 S.W.2d 806 (Tex.1965); *Lindley v. Lindley*, 384 S.W.2d 676 (Tex.1964); 61 Tex.Jur.2d Wills § 25, p. 126; 23 Tex.Jur.2d Evidence § 413, p. 619, and cases cited. Attorneys may give expert opinions on legal questions only when they are testifying about foreign law when it must be proved as a fact. 2 R. Ray, Texas Evidence § 1424, p. 74 (3d ed. 1980); 7 J. Wigmore, Evidence § 1953, p. 82 (3d ed. 1940); 23 Tex.Jur.2d Evidence § 452, p. 658, and cases cited.

I do agree, however, that in view of the abundance of evidence supporting testamentary capacity in this case, the error in the admission of Mr. Davis' opinion did not constitute reversible error.

HUTCHINSON, J., joins in this concurrence.