ESTATE OF RUTH T. REID, Deceased, WALTER D. REID, Independent Executor, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Reid v. Commissioner
Docket No. 9215-76.
United States Tax Court
T.C. Memo 1982-532; 1982 Tax Ct. Memo LEXIS 212; 44 T.C.M. (CCH) 1137; T.C.M. (RIA) 82532; September 16, 1982. GOFFE
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: On February 15, 1979, we filed our Findings of Fact and Opinion (71 T.C. 816) in which we held that neither petitioner nor her guardian, at time of decedent's death, possessed the right to appoint decedent as successor trustee of a trust created by her and, therefore, that none of the trust property was includable in decedent's estate under *213 section 2036(a)(2). [1]
On November 13, 1980, the United States Court of Appeals for the Fifth Circuit reversed our decision sub nom. Gilchrist v. Commissioner,630 F.2d 340 (1980), and remanded the case to us to determine whether the trust indenture by which the decedent created the trust was so ambiguous as to the decedent's retention of the power to name herself as successor trustee that extrinsic evidence is admissible to ascertain her intent. In our prior decision it was unnecessary for us to decide the admissibility question; therefore, we declined to do so. 71 T.C. at 824. We will now do so and comply with the mandate of the Court of Appeals. FINDINGS OF FACT Decedent employed George F. Smith, Jr., about 18 months before she executed on October 26, 1955, the trust indenture involved here. He was an attorney specializing in tax matters. Mrs. Reid was very tax conscious. Mr. Smith advised her to create a trust into which she would convey property which would not be taxable in her estate. She would incur a gift tax liability at the creation of the trust *214 but would probably reduce her estate tax liability by a greater sum. In order for the trust to be excludable from her estate the decedent understood that she must relinquish certain controls over the trust. After the trust indenture was prepared and delivered to Mrs. Reid she and Mr. Smith had six to eight conferences concerning the trust before she executed the trust indenture. ULTIMATE FINDING OF FACT The decedent did not intend to retain the power to appoint herself as successor trustee of the trust when she executed the trust indenture on October 26, 1955, but, instead intended to renounce such power. OPINION At the trial petitioner offered the testimony of George F. Smith, Jr., and Walter D. Reid to establish that the decedent, in creating the trust in 1955, never intended to reserve to herself the power to appoint herself as successor trustee. The trust indenture contains no language by which the decedent reserved or renounced the power to name herself as successor trustee. Whether she, in fact, reserved such a power is determined by the law governing the trust. Gilchrist v. Commissioner,630 F.2d at 348, citing Durst v. United States,559 F.2d 910, 911 (3d Cir. 1977). *215 Decedent created her trust in 1955 under Texas law. Under Texas law extrinsic evidence is admissible to construe an ambiguous trust instrument to ascertain the settlor's true intent. Gilchrist v. Commissioner,630 F.2d at 348, citing Coffee v. William Marsh Rice Univ.,408 S.W. 2d 269, 273 (Tex. Civ. App. 1966), writ of error refused, n.r.e. Petitioner's witness, George F. Smith, Jr., was the decedent's attorney who prepared the trust indenture. When the Mercantile National Bank of Dallas, Texas, resigned as trustee in 1967, the decedent appointed Mr. Smith as successor trustee. Upon Mrs. Reid's death, Mr. Smith was appointed an independent co-executor of her estate but he resigned that position and his position as trustee before he testified before us. Walter D. Reid was the decedent's son who was appointed as her guardian when she was adjudicated an incompetent in 1972 and was an independent co-executor of her estate, a position he continued to hold when he testified before us. Respondent objected to the testimony of Mr. Smith and Mr. Reid on the grounds that the Texas Dead Man's Statute rendered them incompetent to testify. The Texas *216 Dead Man's Statute (Tex. Rev. Civ. Stat. Ann. art. 3716 (1969)) provides as follows: In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent. Respondent contends that Mr. Smith's resignation as independent co-executor prior to his testifying was ineffective because it was not approved by the probate court. On this basis respondent argues that at the time Mr. Smith testified he was incompetent to do so under the Texas Dead Man's Statute. When this case was called for trial, Mr. Smith moved this Court to dismiss him as a party because of his resignation as an independent co-executor. His motion was accompanied by his written resignation and his disclaimer of any interest in decedent's estate. Counsel for respondent did not object *217 to dismissing Mr. Smith as a party but "left it to the full discretion of the Court." Respondent, therefore, waived any disability in Mr. Smith's resignation and cannot at this late date complain that Mr. Smith should not have been dismissed as a party. The resignation of Mr. Smith, however, was effective under Texas law. Texas law does not require court approval for the effective resignation of an independent co-executor. V.A.T.S. Probate Code, secs. 3(aa), 145, 221. Even if Mr. Smith's resignation as independent co-executor and his dismissal as a party herein were not effective we would hold under Texas law that he would be competent to testify. To be a "party" who is disqualified from testifying the witness must have a direct and substantial interest in the subject matter of the suit. Chandler v. Welborn,294 S.W. 2d 801 (Tex. 1956). Whether he is such a party is determined at the time he testifies. Ragsdale v. Ragsdale,179 S.W. 2d 291 (Tex. 1944). The Dead Man's Statute is strictly construed. Pugh v. Turner,197 S.W. 2d 822 (Tex. 1946); Ragsdale v. Ragsdale,supra;Hutto v. Cook,164 S.W. 2d 513 (Tex. 1942). *218 A doctor who admitted that his sole chance to be paid for medical services was for plaintiffs to win, was held not disqualified under Article 3716. Morris v. Ratliff,291 S.W. 2d 418 (Tex. Civ. App. 1956), writ refused, n.r.e. An attorney whose fee is contingent upon the outcome of the lawsuit is not disqualified. Davidson v. Gray,97 S.W. 2d 488 (Tex. Civ. App. 1976), no writ. Respondent relies upon Adams v. Barry,560 S.W. 2d 935 (Tex. 1978), which is distinguishable. In that case the court held that the proponent of a purported "lost" will dated subsequent to the will offered for probate who was the sole beneficiary of such "second" will was disqualified from testifying under Article 3716. Mr. Smith testified that he first counselled and represented the decedent about 18 months before she executed the trust indenture involved herein. He advised the decedent to create trusts to hold property which would not be taxable in her estate. Such a plan would incur gift tax liability at the time of creation but would save more in estate tax. Mr. Smith's opinion of the decedent was that she was very tax conscious. She understood *219 that in order to get the property out of her estate she would have to give up control over the property. Mr. Smith and the decedent had six to eight conferences concerning the trust indenture. Mr. Smith had no doubt that the decedent did not intend to retain the power to name herself as successor trustee and we believe his testimony. The decedent filed a Federal gift tax return for the taxable year 1955 and paid $66,000 in Federal gift tax. That return was prepared under the assumption that the decedent had not retained any powers which would cause the trust corpus to be taxable in her estate. In view of our holding as to the competency of Mr. Smith to testify and our findings of fact based upon his testimony, it is unnecessary to consider the competency of Walter D. Reid to testify. Respondent offered no evidence to contradict the testimony of Mr. Smith or to prove that decedent intended to retain the power to appoint herself as successor trustee. Based upon our examination of the portions of the record which we have held to be admissible, including the credible and convincing testimony of George F. Smith, Jr., we conclude that the decedent did not intend to retain the *220 power to name herself as successor trustee but, instead, intended to renounce such power. We have, therefore, found the facts accordingly. Having determined such facts we apply the mandate of the Court of Appeals and hold that the trust is not includable in decedent's estate under section 2036(a)(2). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended.↩